OPINION
{¶ 1} Defendant-appellant Ernest Landgraf, Jr., appeals from his conviction and sentence, following a no-contest plea, upon one count of Aggravated Robbery and one count of Failure to Comply with an Order of a Police Officer. Landgraf contends that the Aggravated Robbery indictment is defective because it fails to set forth a particular culpability state and also fails to specify the predicate Theft offense. He asserts that this defect in the indictment deprived the trial court of subject-matter jurisdiction. He also contends that the omission of this information from the indictment, as well as the trial court's failure to have informed him that, although he is eligible for judicial release, he will not be eligible until he has served at least four years of his five-year sentence, rendered his plea other than knowing and intelligent. Finally, Landgraf contends that there is no adequate recitation of circumstances in the record to support findings of guilt on his no-contest pleas. In this connection, Landgraf recognizes that although there is a requirement for a sufficient recitation of circumstances and a finding of guilt in connection with a no-contest plea to a misdemeanor, there is no similar requirement in connection with a no-contest plea to a felony. Landgraf argues that there is no rational basis for this distinction, so that this distinction violates the Equal Protection clause of the Fourteenth Amendment to the United States Constitution.
 {¶ 2} We conclude that an indictment is sufficient, and not defective, if it uses the words of the statute establishing an offense to charge the offense. We further conclude that the record fails to establish that Landgraf's no-contest plea was other than knowing and intelligent, and also that the record affirmatively establishes that the trial court substantially complied with its duty to determine that Landgraf understood the nature of the charges to which he was pleading no contest. We conclude that the trial court had no duty to ascertain, before accepting Landgraf's no-contest plea, that he understood the earliest dates that he would be able to obtain judicial relief corresponding to each possible sentence that might be imposed. Finally, we conclude that Landgraf failed to make, in the trial court, the Equal Protection argument upon which his last claim depends, so that this argument has been waived, and that this claimed error, depending as it does upon a novel constitutional argument, is not sufficiently obvious to constitute plain error.
 {¶ 3} Because we reject all of Landgraf's arguments, the judgment of the trial court is Affirmed.
 I {¶ 4} Landgraf was charged, in two indictments, with one count of Aggravated Robbery, with a deadly weapon, in violation of R.C. 2911.01(A)(1), one count of Felonious Assault, with a deadly weapon, in violation of R.C. 2903.11(A)(2), one count of Receiving Stolen Property, in violation of R.C. 2913.51(A), and one count of Failure to Comply with the Order or Signal of a Police Officer, in violation of R.C. 2921.331(B).
 {¶ 5} As a result of a plea bargain, Landgraf pled no contest to one count of Aggravated Robbery and one count of Failure to Comply with the Order or Signal of a Police Officer, and the other charges were dismissed. At a hearing, the trial court accepted Landgraf's no-contest pleas, and found him guilty of both offenses. At a subsequent sentencing hearing, the trial court sentenced Landgraf to serve five years for Aggravated Robbery and three years for Failure to Comply with the Order or Signal of a Police Officer, to be served concurrently.
 {¶ 6} From his conviction and sentence, Landgraf appeals.
 II {¶ 7} Landgraf's First and Second assignments of error are as follows:
 {¶ 8} "THE JUDGMENT OF CONVICTION, AND SUBSEQUENT SENTENCE, MUST BE REVERSED BECAUSE THE INDICTMENT WAS DEFICIENT AS A MATTER OF LAW FOR FAILING TO INCLUDE WHICH STATUTORY THEFT OFFENSE UNDERLIED [sic] THE AGGRAVATED ROBBERY CHARGE AND FAILED TO INCLUDE ANY MATERIAL, ESSENTIAL CULPABLE MENTAL STATE ELEMENT WHICH THEREBY DEPRIVED THE DEFENDANT-APPELLANT OF ADEQUATE NOTICE OF THE TRUE NATURE OF THE CRIME CHARGED[,] CONTRARY TO THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 {¶ 9} "THE JUDGMENT OF CONVICTION, AND SUBSEQUENT SENTENCE, MUST BE REVERSED AS A MATTER OF LAW BECAUSE THE TRIAL COURT WAS WITHOUT SUBJECT MATTER JURISDICTION TO RENDER THE JUDGMENT OF CONVICTION DUE TO THE DEFICIENCY OF THE INDICTMENT."
 {¶ 10} Both of these assignments of error depend upon Landgraf's argument that the Aggravated Robbery indictment is defective because it fails to specify a particular Theft offense, and because the indictment fails to specify a particular culpability state. Although the latter argument appears to be directed primarily against the Aggravated Robbery indictment, Landgraf may also be making a similar argument with regard to the Failure to Comply with an Order or Signal of a Police Officer indictment.
 {¶ 11} Because a bill of particulars is available if the defendant requires more specific notice of the charge against him, an indictment is sufficient, under Crim.R. 7(B), if it alleges an offense using the words of the statute specifying the offense. State v. Landrum (1990), 53 Ohio St.3d 107, 119,559 N.E.2d 884; State v. Murphy (1992), 65 Ohio St.3d 554, 583,605 N.E.2d 884; and State v. Smith (February 28, 2003), Montgomery App. No. 19370. In the latter case, which we approve and follow, this principle was applied to reject the precise argument that Landgraf makes here — that an Aggravated Robbery indictment is defective if it fails to specify the particular predicate Theft offense, the commission or attempted commission of which is an essential element of the Aggravated Robbery offense with which Landgraf was charged.
 {¶ 12} The same principle disposes of Landgraf's argument that the Aggravated Robbery and Failure to Comply with an Order or Signal of a Police Officer indictments are defective because they each fail to specify a particular mental culpability statute. Both counts use the words of the statute specifying the offense, and this is sufficient.
 {¶ 13} Landgraf cites State v. Vanover (June 24, 2005), Clark App. No. 2004C-A-5, for the proposition that the omission of a specified culpability state renders an indictment defective. Upon close inspection, State v. Vanover, supra, is distinguishable. In that case, the defendant was charged with Intimidation of a Witness, in violation of R.C. 2921.04(B). That division, which specifies the offense, incorporates the culpability state of "knowingly": "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness." (Emphasis added.) Thus, in Vanover, application of the principle established in the cases cited above, required a holding that the indictment was defective, because it failed to specify an offense in the words of the statute establishing the offense. In other words, the indictment in that case failed to lie within the "safe harbor" established by the words of the statute establishing the offense, and could not be saved by that principle.
 {¶ 14} In Vanover, we also opined that the defendant's plea was not knowingly and voluntarily made, but it is clear that this was mere dictum, because we remanded the case to allow the State either to amend the indictment or to reindict the defendant, thereby mooting the issue of whether his subsequent plea was knowing and voluntary.
 {¶ 15} The principle that an indictment is sufficient if it uses the words of the statute establishing the offense merely disposes of Landgraf's argument that the indictments are defective — it does not dispose of his argument that his no-contest plea to these counts was other than knowing and voluntary. This argument is addressed in Part IV, below, in connection with Landgraf's Fourth Assignment of Error.
 {¶ 16} Landgraf's First and Second assignments of error are overruled.
 III {¶ 17} Landgraf's Third Assignment of Error is as follows:
 {¶ 18} "THE JUDGMENT OF CONVICTION, AND SUBSEQUENT SENTENCE, MUST BE REVERSED AS A MATTER OF LAW BECAUSE THERE ARE INSUFFICIENT FACTS IN THE RECORD TO SUPPORT A CONVICTION FOR AGGRAVATED ROBBERY AND FAILURE TO COMPLY DUE TO THE LACK OF STATE'S EXHIBITS 1 AND 2 BEING MADE PART OF THE RECORD."
 {¶ 19} In this assignment of error, Landgraf contends that he should have been found not guilty of Aggravated Robbery, on his plea of no contest, because the circumstances recited do not support a finding of guilt. He relies upon the familiar principle that in a misdemeanor case, by virtue of R.C. 2937.07, the trial court, in taking the plea, must receive an "explanation of the circumstances of the offense," and make a finding of guilty or not guilty from that explanation. If the explanation of the circumstances does not support a finding of guilt, the defendant is entitled, as a matter of right, to be found not guilty on his no-contest plea. City of Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 459 N.E.2d 532.
 {¶ 20} Landgraf recognizes that there is no similar requirement for a finding of guilt on a no-contest plea to a felony.[1] In fact, the trial court is required to find the defendant guilty of the charged offense if the indictment alleges sufficient facts to state felony offense, i.e., if the indictment is sufficient to state an offense. State v. Bird,81 Ohio St.3d 582, 584, 1998-Ohio-606.
 {¶ 21} Landgraf asserts, almost in passing, that there must be a similar requirement in felony cases for an explanation of circumstances sufficient for a finding of guilt, by virtue of the Equal Protection clause of the Fourteenth Amendment to the Constitution of the United States. In footnote 16 of his original brief, after citing the Fourteenth Amendment, Landgraf asserts: "Here, Mr. Landgraf's position is that the classification of similarly situated criminal defendant's [sic] would be arbitrary for sure if those pleading to no contest [sic] to felonies were not afforded the same substantive right to a finding of not guilty as those pleading to misdemeanor offenses."
 {¶ 22} Landgraf's invocation of the Equal Protection clause to get around the inconvenient fact that the requirement of a sufficient explanation of circumstances exists for misdemeanor no-contest pleas, but not for felony no-contest pleas, is intriguing. He makes a plausible, if brief, argument that any rational distinction between the requirements for no-contest pleas in misdemeanor cases versus in felony cases would imposemore stringent requirements in felony cases, where the consequences to the defendant are greater, not less stringent requirements.
 {¶ 23} Besides being intriguing, we understand Landgraf's Equal Protection argument to be novel; we are not aware of its having been made before in any Ohio court, despite the fact thatCity of Cuyahoga Falls v. Bowers, supra, which established the requirement as a matter of substantive right in misdemeanor cases, has been extant for over twenty years.
 {¶ 24} Landgraf did not argue in the trial court that, by virtue of the Equal Protection clause, the trial court was required to find him not guilty unless there was an adequate explanation of circumstances, despite the fact that he pled no contest to a felony, not to a misdemeanor. Therefore, he has waived all but plain error. "To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings." State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. Given the novelty of Landgraf's Equal Protection argument, upon which this assignment of error depends, we cannot say that the error of which he now complains was "an obvious defect in the trial proceedings." Accordingly, we decline to find that the trial court committed plain error when it followedState v. Bird, supra, and found Landgraf guilty of the felony offenses, charged in sufficient indictments, to which he pled no contest.
 {¶ 25} Landgraf's Third Assignment of Error is overruled.
 IV {¶ 26} Landgraf's Fourth Assignment of Error is as follows:
 {¶ 27} "THE JUDGMENT OF CONVICTION, AND SUBSEQUENT SENTENCE, MUST BE REVERSED AS A MATTER OF LAW BECAUSE THE DEFENDANTA-PPELLANT'S PLEAS WERE NOT MADE KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PURSUANT TO THE DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."
 {¶ 28} To make out the constitutional violation asserted in connection with this assignment of error, Landgraf must demonstrate, from this record, that his pleas were not made knowingly, intelligently and voluntarily. Although not strictly within the scope of this assignment of error, Landgraf makes the further argument that the trial court erred, in violation of its duty under Crim.R. 11(C)(2)(a), when it accepted his plea without determining that he understood the nature of the charges against him. With respect to both of these arguments, Landgraf relies upon his assertion that he was never adequately apprised of the nature of the charges against him.
 {¶ 29} After the prosecutor recited the two charges to which Landgraf was pleading no contest, essentially in the words of the indictments, the following colloquy occurred:
 {¶ 30} "THE COURT: Is that your understanding then about the nature of the two charges that you're pleading to in these two cases, Mr. Landgraf?
 {¶ 31} "MR. REZABEK [representing Landgraf]: Do you understand the nature of the pleas?
 {¶ 32} "THE DEFENDANT: Yes, sir.
 {¶ 33} "THE COURT: All right. Have you discussed all of the elements of each of those offenses and all possible defenses to them with your attorney, Mr. Rezabek?
 {¶ 34} "THE DEFENDANT: Yes, sir.
 {¶ 35} "THE COURT: Are you satisfied with his representation of you in each of those matters?
 {¶ 36} "THE DEFENDANT: Yes, sir."
 {¶ 37} To begin with, we find nothing in the record of the plea hearing that would demonstrate Landgraf's proposition that his tendering of his no-contest plea was other than knowing, intelligent and voluntary.
 {¶ 38} With regard to Landgraf's claim that Crim.R. 11(C)(2)(a), which requires the trial court to determine that a defendant understands the nature of the charge to which he is pleading no contest, the Ohio Supreme Court has held that substantial compliance is sufficient. State v. Nero (1991),56 Ohio St.3d 106, 108, 564 N.E.2d 474. Although Landgraf makes much of the fact that his attorney, by interposing "Do you understand the nature of the pleas?" after the trial court's inquiry concerning Landgraf's understanding of the nature of thecharges, may have muddied the waters by re-directing Landgraf's focus, we are satisfied that the trial court substantially complied, at the very least, with the requirement of the Rule when it followed up by ascertaining directly of Landgraf that his trial counsel had discussed with him the elements and possible defenses with respect to each of the charges to which he was pleading no contest, and immediately thereafter established that Landgraf was satisfied with the representation he received.
 {¶ 39} Finally, Landgraf argues that his plea was other than knowing, voluntary, and intelligent, because he did not understand that although he was eligible for judicial release, he was not told that a sentence of five years, if imposed, would make it impossible for him to be judicially released until he had served at least four years of his sentence. In this connection, Landgraf cites State v. Pape (November 21, 2001), Clark App. No. 2000 CA 98, 2001-Ohio-1827. But, as Landgraf notes, in that case we merely held that the trial court must determine that a defendant understands that he is ineligible for judicial release (when, of course, he is in fact ineligible). In Landgraf's case, he is eligible for judicial release, so the trial court could not have erred by failing to have informed him that he was ineligible.
 {¶ 40} The trial court could not have determined when Landgraf might first be judicially released until it knew his sentence. Because his sentence, when it was subsequently imposed, was five years, the earliest he could obtain judicial release was after four years. R.C. 2929.20(B)(3). Had he been sentenced to less than five years, he could have been released after 180 days. R.C. 2929.20(B)(2). Had he been sentenced to more than five years, but less than ten years, he could be released after five years. R.C. 2929.20(B)(4). These are obviously multiple contingencies. We are not prepared to hold that a trial judge, in accepting a guilty plea or a no-contest plea, must advise the defendant of all of the possible permutations under the statute that govern when is the earliest that the defendant may file a motion for judicial release.
 {¶ 41} Had Landgraf indicated confusion, or a misunderstanding, concerning when he would be able to file a motion for, and obtain, judicial release, during his plea hearing, we might be prepared to hold that this would have had to have been cleared up before Landgraf could be found to have tendered his plea knowingly, voluntarily and intelligently. But Landgraf indicated no confusion or misunderstanding then. He contends that the record of the sentencing hearing reflects that he was confused about when he could seek judicial release, but even this is a stretch:
 {¶ 42} "THE DEFENDANT: Your Honor, I got — I got a question.
 {¶ 43} "Is there — they got thing [sic] that's judicial release? How do you — how do you file for that?"
 {¶ 44} If Landgraf in fact misunderstood, as he now claims, that he could seek, and possibly obtain, judicial release immediately, that might serve as a basis, in the trial court's exercise of discretion, for a motion to withdraw his plea, but we are not of the view that the vacation of his plea should automatically ensue. Felony sentencing, including, generally, the consequences of a sentence — judicial release and post-release controls, for example — is complex. If a defendant's failure to completely understand all of the potential consequences of all of the possible sentences that might be imposed upon him for a felony were deemed to constitute grounds for an automatic reversal of his plea, defendants would, in many instances, be able to plead guilty, or no contest, and await sentencing, secure in the knowledge that if their sentence imposed is more severe than hoped, the plea can with certainty be vacated.
 {¶ 45} Landgraf's Fourth Assignment of Error is overruled.
 V {¶ 46} All of Landgraf's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, J., and Wolff, J., concur.
[1] That there is no similar statutory requirement for no-contest pleas in felony cases may derive from the fact that although R.C. 2937.06(A)(2) provides for a no-contest plea in cases of misdemeanor, division (A)(1) of that statute does not
provide for a no-contest plea in cases of felony. Neither does R.C. 2943.03. In short, although Crim.R. 11(A) provides a no-contest plea as a possible plea in any criminal case governed by the Rules of Criminal Procedure, there does not appear to be any statutory provision in Ohio for a no-contest plea in a felony case.