OPINION
{¶ 1} Defendant-appellant Daniel Peoples, Jr., appeals from his conviction and sentence for three counts of trafficking in marijuana in violation of R.C. §§ 2925.03(A)(1)(C)(3)(a),2925.03(A)(1)(C)(3)(c), and 2925.03(A)(1)(C)(3)(d).
 {¶ 2} Peoples was arrested on October 1, 2003, in Tipp City, Ohio, after selling a substantial amount of marijuana to an undercover police officer during a controlled buy arranged by the officer. At the time of the arrest, a search of People's vehicle yielded approximately 2400 grams of marijuana.
 {¶ 3} On October 21, 2003, Peoples waived grand jury consideration and pled guilty to three counts of trafficking marijuana by bill of information. On November 20, 2003, Peoples filed a motion for dismissal of counsel, a request for discovery, a motion to have his bond reduced, and a motion to withdraw his guilty plea. It is not clear from the record, but at some point in early December 2003, the trial court allowed Peoples to withdraw his guilty plea and appointed new counsel to him.
 {¶ 4} Peoples then filed numerous pro se motions concerning every conceivable aspect of his case, none of which are at issue on appeal. Thus, we find it unnecessary to mention said motions individually. Based on the trial court's denial of all of Peoples' pro se motions, he filed a notice of appeal with this Court on March 19, 2004. The trial court stayed the case pending the outcome of Peoples' appeal. We dismissed Peoples' appeal on June 22, 2004. Peoples filed an appeal with the Supreme Court of Ohio who declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.
 {¶ 5} On March 22, 2005, a jury trial commenced in this matter. After the jury was selected but prior to opening statements, Peoples had an apparent change of heart and decided to enter no contest pleas to the three trafficking charges. The trial court accepted the pleas and found Peoples guilty on all counts. On May 9, 2005, Peoples was sentenced to an aggregate three years in prison. Peoples filed a pro se notice of appeal on May 25, 2005.
 I {¶ 6} Peoples' first assignment of error is as follows:
 {¶ 7} "WHETHER DEFENDANT'S CONVICTION BASED ON HIS NO CONTEST PLEA WAS SUPPORTED BY SUFFICIENT FACTS AND CIRCUMSTANCES AS REQUIRED BY DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 8} In his first assignment, Peoples contends that the trial court erred when it found him guilty after he pled no contest to the charged offenses. Peoples argues that the trial court failed to discuss the facts and circumstances surrounding his arrest before perfunctorily finding him guilty of three felony counts of marijuana trafficking on March 22, 2005.
 {¶ 9} Peoples asserts that a no contest plea may not provide a basis for a finding of guilt without an explanation of the facts and circumstances involved. Cuyahoga Falls v. Bowers
(1984), 9 Ohio St.3d 148, 459 N.E.2d 532. If the explanation of the circumstances does not support a finding of guilt, the defendant is entitled, as a matter of right, to be found not guilty on his no contest plea. Id. In Ohio, however, this only applies when a defendant pleads no contest to a misdemeanor offense.
 {¶ 10} "Where an indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." State v. Bird (1998),81 Ohio St.3d 582, 692 N.E.2d 1013, 1998-Ohio-606. In other words, the trial court is required to find the defendant guilty of the charged offense if the indictment alleges sufficient facts to state felony offenses. State Landgraf (Feb. 24, 2006), Montgomery App. No. 21141, 2006-Ohio-838.
 {¶ 11} Similar to the defendant in Landgraf, supra, Peoples did not argue at the plea hearing that his constitutional right to due process was violated when the trial court found him guilty without first adequately explaining the circumstances involved in the charged offenses. Thus, he has waived all but plain error. "To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings." Landgraf,
supra, citing State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240.
 {¶ 12} After a thorough review of the record, we cannot say that the error of which Peoples now complains was "an obvious defect in the trial proceedings." Thus, we decline to find that the trial court committed plain error when it found Peoples guilty after he pled no contest to the charges. Pursuant to the Supreme Court's holding in Bird, supra, the trial court was not required to provide an explanation of the facts and circumstances involved in Peoples' arrest and bill of information for three felony offenses.
 {¶ 13} Peoples' first assignment of error is overruled.
 II {¶ 14} Peoples' second and third assignments are as follows:
 {¶ 15} "WHETHER DEFENDANT'S SENTENCE WAS SUPPORTED BY SUFFICIENT EVIDENCE, ERRONEOUS AS A MATTER OF LAW, AND EXCESSIVE TO THE POINT OF VIOLATING DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH,EIGHTH, AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 16} "WHETHER DEFENDANT'S SENTENCE WAS PREJUDICIALLY INFLUENCED BY JUDICIAL HOSTILITY OR BIAS TO THE POINT OF VIOLATING CONSTITUTIONAL RIGHT TO DUE PROCESS AND FREE OF CRUEL AND UNUSUAL PUNISHMENT UNDER THE FIFTH, EIGHTH, ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 17} In his second and third assignments, Peoples initially contends that the trial court erred when it sentenced him to an aggregate three year prison term. Peoples notes that while the trial court did not impose the maximum sentences for each individual felony count, it did not impose the minimum sentence, either. With respect to the relevant statutory authority the trial court relied upon by the trial court in sentencing, Peoples does not advance any particular error. In fact, Peoples' brief states in pertinent part:
 {¶ 18} "* * * there is no reasonably arguable issue to raise concerning this part of the sentence. A review of the relevant statutes in this court's findings do not show any substantive omissions of relevant and required findings to suggest that the sentence People[s] received was not in accordance with the law."
 {¶ 19} Notwithstanding Peoples' acceptance of his sentence on statutory grounds, we must remand this matter for resentencing in light of the Supreme Court of Ohio's recent ruling in State v.Foster (2006), 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. In Foster, the Supreme Court held that "aside from the exception for prior criminal convictions and the defendant's consent to judicial fact-finding, the Sixth Amendment prohibits a judge from imposing a sentence greater than that allowed by the jury verdict or by the defendant's admissions at a plea hearing." Thus, because a jury verdict alone does not determine the non-minimum sentence that R.C. § 2929.14(B) permits the trial court to impose, that section of the statute is unconstitutional.Id. Any case involving a non-minimum sentence imposed on the findings contemplated by R.C. § 2929.14(B) and which was pending on direct review when Foster was decided must be reversed and remanded to the trial court for resentencing de novo. Id.
 {¶ 20} At the sentencing hearing, the trial court made the following findings pursuant to R.C. § 2929.14(B): 1) that Peoples had a history of criminal convictions; and 2) the minimum term would demean the seriousness of the offense and would not adequately protect the public from future crime by defendant or others. Because these findings involved a fact neither allowed by the jury's verdict nor admitted by Peoples at the plea hearing, the non-minimum sentence is unconstitutional per Foster, supra. Thus, Peoples' aggregate three-year sentence is reversed, and this case is remanded for resentencing.
 {¶ 21} Although this matter is remanded for resentencing, we feel compelled to address that portion of Peoples' assignment pertaining to the trial court's imposition of conditions for post-release control supervision. Simply put, Peoples argues that the trial court overstepped its authority when it outlined the conditions of his future post-release control. Peoples asserts that such authority resides solely with the Adult Parole Authority, and he is correct. While the trial court can certainly make recommendations in regard to the terms of any future post-release control, the actual terms are within the exclusive province of the supervising authority, to wit, the Adult Parole Authority.
 {¶ 22} With respect to Peoples' third and final assignment, we can find no evidence in the record that would support his contention that the trial court was in any way biased or prejudiced towards him when it imposed sentence.
 {¶ 23} Peoples' second assignment of error is sustained. His sentence is reversed, and this matter is remanded to the trial court for resentencing. Peoples' third assignment of error is overruled.
 III {¶ 24} At the close of his brief, Peoples sets forth a number of miscellaneous issues which were not properly raised as assigned errors pursuant to App. R. 16(A)(3) and (7). Thus, the issues raised by Peoples are summarily dismissed for failure to comply with the appellate rules.
 IV {¶ 25} Based on the foregoing, Peoples' first and third assignments of error are overruled and the judgment of the trial court is affirmed in that regard. With respect to Peoples' second assignment, the sentence imposed by the trial court is reversed, and this matter is remanded to the trial court for resentencing.
Wolff, J. and Fain, J., concur.