O P I N I O N
{¶ 1} The requirement, in R.C. 2937.07, that upon a plea of no contest to a misdemeanor offense the trial court must call for an explanation of circumstances and make a finding of guilty or not guilty, based upon the explanation of circumstances, is a trap for the unwary common pleas judge, who will be more familiar with the taking of no contest pleas in felony cases, where no explanation of circumstances, and no finding of guilt, are required. In this appeal, that trap has been sprung, resulting in an unfortunate reversal of a conviction for Assault that was the result of a bargained for plea of no contest. We encourage the General Assembly to consider the wisdom of maintaining the procedural requirements for a no-contest plea set forth in R.C. 2937.07.
 I {¶ 2} Defendant-appellant Matthew Young, who was then 19, was alleged to have touched his step-sister, who was then 17, inappropriately. He was initially charged by indictment with Sexual Battery, a third-degree felony.
 {¶ 3} Young moved to suppress statements he made to the investigating police officer at the police station. The trial court sustained Young's motion, finding that his statements were not voluntary. We reversed.State v. Young, 2004-Ohio-3916. Attempts to obtain review of our appellate judgment in the Ohio Supreme Court and in the Supreme Court of the United States were unsuccessful. State v. Young, 2004-Ohio-6364,104 Ohio St.3d 1410; Young v. Ohio (2005), 125 S.Ct. 2546, 2005 U.S. LEXIS 4558.
 {¶ 4} Upon remand, Young again moved to suppress his statements. This motion was overruled without a hearing. Young then accepted the terms of a negotiated plea offer. The terms of this offer were that the State would dismiss the felony indictment, Young would plead no contest to a bill of information charging him with Assault, a misdemeanor of the first degree, and the trial court would obtain a pre-sentence investigation report before sentencing Young. There was no agreement with respect to the sentence that would be imposed.
 {¶ 5} At the plea hearing, the trial court asked the prosecutor to read to Young "the charge of assault so you know what you are pleading guilty [sic] to." In response, the prosecutor stated as follows: "On or about December 9, 2003, in Montgomery County, Ohio, Matthew Young, defendant standing in court today, did knowingly cause or attempt to cause physical harm to another[,] that being [the victim, by name]."
 {¶ 6} Several other defendants in the same matter were pleading guilty or no contest at the same time. After addressing each defendant, individually, the trial court engaged in the following colloquy involving Young:
 {¶ 7} "THE COURT: Mr. Jones, Mr. Young, pleading no contest is a little bit different. Pleading no contest means you're not admitting you're guilty but you are admitting the truth of the facts contained in the bill of information that was read a few minutes ago by the prosecutor. And based on the facts in the bill of information, the court is going to find you both guilty of assault; court is going to order a presentence investigation report and the two of you will be back in court in a few weeks for sentencing in your case. Do you understand that's the effect of pleading no contest? Mr. Jones?
 {¶ 8} "MR. JONES: Yes, sir, your Honor.
 {¶ 9} "THE COURT: Mr. Young, how about you?
 {¶ 10} "MR. YOUNG: Yes."
 {¶ 11} Young subsequently tendered his no-contest plea, which was accepted by the trial court. The trial court then found Young guilty: "And based upon the facts contained in the bills of information, Mr. Young's case, Mr. Jones' case, the court enters judgments of guilty against Mr. Young, charge of assault, first degree misdemeanor; against Mr. Jones of assault, first degree misdemeanor."
 {¶ 12} We have reviewed the bill of information charging Young with Assault, and it recites the elements of Assault set forth in R.C.2903.13(A), specifying only the date of the offense, venue in Montgomery County, and the name of the victim.
 {¶ 13} Following a pre-sentence investigation, the trial court imposed community control sanctions upon Young. From his conviction and sentence, Young appeals.
 II {¶ 14} Young's First Assignment of Error is as follows:
 {¶ 15} "THE TRIAL COURT ERRED WHEN IT FOUND MATTHEW YOUNG GUILTY OF A MISDEMEANOR BASED ON A NO CONTEST PLEA TO A BILL OF INFORMATION IN THE ABSENCE OF AN EXPLANATION OF CIRCUMSTANCES TO SUPPORT EACH ELEMENT OF THE OFFENSE."
 {¶ 16} Young relies upon State v. Osterfield (June 24, 2005), Montgomery App. No. 20677, for the proposition that the explanation of circumstances required by R.C. 2937.07 in connection with a no-contest plea to a misdemeanor "necessarily involves, at a minimum, some positive recitation of facts [that], if the court finds them to be true, would permit the court to enter a guilty verdict and a judgment of conviction on the charge to which the accused has offered a plea of no contest." In that case, we held that in the absence of a sufficient recitation of facts, the defendant "must be found not guilty."
 {¶ 17} The State concedes error in this regard, but argues that because Young did not complain in the trial court, the deficiency in the proceedings is governed by the plain error standard of review. We considered this same argument in State v. Osterfield, supra, and found it lacking. In a misdemeanor case, a no-contest plea is not an admission upon which a conviction can be predicated. A finding of guilt requires an explanation of circumstances sufficient to support a finding of guilt. Absent a sufficient basis for a finding of guilt, the defendant whose no-contest plea has been accepted in a misdemeanor case is entitled to a judgment of acquittal just as a defendant who has gone to trial on a not-guilty plea is entitled to a judgment of acquittal where the evidence before the trial court is insufficient.
 {¶ 18} Accordingly, we agree with Young that the trial court erred when it found him guilty, instead of not guilty. This is plain error, in the sense that the result would clearly have been otherwise had the error not occurred. As in State v. Osterfield, supra, Young is entitled not merely to the reversal of his conviction, but to discharge. City ofCuyahoga Falls v. Bowers (1984), 9 Ohio St.3d 148, 150, citing with approval Springdale v. Hubbard (1977), 52 Ohio App.2d 255.
 {¶ 19} Young's First Assignment of Error is sustained.
 {¶ 20} We agree with the State that the result in this case is unfortunate. Young is being discharged despite his having accepted a favorable plea bargain from the State.
 {¶ 21} The problem lies in the explanation-of-circumstances requirement for the taking of a no-contest plea in misdemeanor cases, but not in felony cases. We were asked to consider whether this difference is so arbitrary as to violate the Equal Protection clause inState v. Landgraf, 2006-Ohio-838. In that case, which involved the taking of a no-contest plea in a felony case, we found this to be a plausible argument, but not one rising to the level of plain error, the equal protection argument not having been made in the trial court.
 {¶ 22} The utility of a no-contest plea is that it allows a criminal defendant to forego trial when his defense has become hopeless, without, however: (1) allowing his no-contest plea to be used against him in any subsequent civil or criminal proceeding, Crim. R. 11(B)(3); or (2) waiving assertion of prejudicial error on appeal in connection with a ruling on a pretrial motion, Crim. R. 12(I). Neither of these purposes for the existence of the no-contest plea require the explanation-of-circumstances procedure set forth in R.C. 2937.07. We encourage the General Assembly to consider whether the explanation-of-circumstances requirement for the taking of a no-contest plea in a misdemeanor case serves any useful purpose. In our experience it has been used by defendants to avoid the consequences of plea bargains by taking advantage of a technical deficiency in the proceedings.
 III {¶ 23} Young's Second Assignment of Error is as follows:
 {¶ 24} "THE TRIAL COURT ERRED WHEN IT OVERRULED MATTHEW YOUNG'S MOTION TO SUPPRESS BASED ON A FINDING THAT MATTHEW YOUNG WAS NOT IN CUSTODY."
 {¶ 25} This assignment of error is moot in view of our disposition of Young's First Assignment of Error, in part II, above. Young's Second Assignment of Error is overruled as moot.
 IV {¶ 26} Young's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled as moot, the judgment of the trial court is Reversed, and Young is ordered Discharged with respect to the offense of Assault of which he was convicted in this case.
GRADY, P.J., and WOLFF, J., concur.