OPINION
{¶ 1} Defendant, Victor Guy, was found guilty by the court and convicted on his pleas of no contest to two charges of felonious assault, R.C. 2903.11(A)(2), a felony of the second degree. R.C. 2903.11(D)(1). Those offenses arose from an incident in which Guy attempted to run down two juveniles with *Page 2 
his car, after they had attacked him. Guy was sentenced to concurrent four year terms of imprisonment that the parties had jointly recommended. He filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 2} "THE COURT ERRED BY FAILING TO REVIEW NECESSARY FACTS TO SUPPORT THE ESSENTIAL ELEMENTS OF THE CRIMES CHARGED DURING A NO CONTEST PLEA AND THEREBY VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 3} The trial court accepted Defendant's plea of no contest following his Crim. R. 11(C)(2) plea colloquy with the court. The court then made the following pronouncement:
 {¶ 4} "I'll accept your plea of no contest and order this waiver document filed. The Court is going to accept as conclusively proven the elements of each of the charges as outlined in the indictment here. And based on that, then the Court's going to make a finding that — of guilty by proof beyond a reasonable doubt as to each charge. And we'll enter that finding on the record." (T. 8).
 {¶ 5} Defendant argues that the trial court erred when it found him guilty on his no contest plea, absent an explanation of the circumstances constituting his two offenses, because *Page 3 
without that explanation the court lacked a factual record sufficient to support the court's guilty verdicts. Defendant relies on R.C. 2937.07
and cases construing that section.
 {¶ 6} R.C. 2937.07 provides that when an "accused pleads guilty to amisdemeanor offense, the court or magistrate shall enter the plea unless the court or magistrate believes that it was made through fraud, collusion or mistake." (Emphasis supplied). That section creates a mechanism to avoid such defects by providing that "[u]pon receiving a plea of guilty, the court or magistrate shall call for an explanation of the circumstances of the offense from the affiant or complainant or the affiant or complainant's representatives," and that "[a]fter hearing the explanation of circumstances, together with any statement of the accused," the court or magistrate shall impose a sentence or continue the case for that purpose. R.C. 2937.07 further provides:
 {¶ 7} "A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of *Page 4 
similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding." (Emphasis supplied).
 {¶ 8} Notwithstanding the accused's no contest plea and the sufficiency of the facts alleged in the complaint in charging a misdemeanor offense, because R.C. 2937.07 creates a substantive right, when the required explanation of circumstances does not support a finding of guilt or is not put before the court, the defendant is entitled to be found not guilty on his plea. City of Cuyahoga Falls v.Bowers (1984), 9 Ohio St.3d 148.
 {¶ 9} By its terms, R.C. 2937.07 has no application to the twofelony offenses to which Defendant entered no contest pleas. State v.Landgraf, Montgomery App. No. 21141, 2006-Ohio-838. Therefore, R.C. 2937.07 confers no substantive right that would prevent the court from finding Defendant guilty absent an explanation of the circumstances constituting his felony offenses.
 {¶ 10} Pleas of guilty or no contest to charges alleging felony offenses are instead governed by Crim. R. 11(B)(2), which provides:
 {¶ 11} "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the *Page 5 
facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 12} Where the indictment contains allegations sufficient to allege a felony offense and the defendant pleads no contest, the court does not err when it finds the defendant guilty of committing the crime charged.State v. Bird, 81 Ohio St.3d 582, 1998-Ohio-606; Landgraf, at ¶ 20. Defendant does not argue that the indictment was insufficient in that respect.
 {¶ 13} The assignment of error is overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. And FAIN, J., concur. *Page 1