[Cite as *State v. Banks*, 2013-Ohio-2116.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

     Plaintiff-Appellee

v.

DAVID E. BANKS

     Defendant-Appellant


Appellate Case No.   25188

Trial Court Case No.  2010-CR-1284,
                   2010-CR-2935/1
(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of May, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Assistant Prosecuting
Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts
Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

DAVID E. BANKS, Inmate No. 610-987, P.O. Box 5500, Chillicothe, Ohio 45601
     Defendant-Appellant, *pro se*

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-Appellant, David E. Banks, appeals *pro se* from the trial court's decision overruling his motion to withdraw his guilty plea under Crim.R. 32.1 and alternative motion for post-conviction relief under R.C. 2953.21.  The motions were based on a claim of ineffective assistance of counsel.

{¶ 2}    We conclude that the trial court did not err when it overruled Banks's motion to withdraw guilty plea and alternative motion for post-conviction relief.   Banks's claim of ineffective assistance of counsel is grounded on matters outside of the record; therefore the claim can only be addressed by a motion for post-conviction relief.   A motion for post-conviction relief must be supported by sufficient evidentiary documentation, which Banks failed to submit.   Banks also failed to submit a transcript of the plea hearing; therefore, the validity of the trial court's proceedings is presumed.   Accordingly, the judgment of the trial court will be affirmed.

## I.   Facts & Course of Proceedings

{¶ 3}    Defendant-Appellant, David E. Banks, was indicted for one count of Burglary, one count of Obstructing Official Business, and one count of Possession of Criminal Tools in the Montgomery County Court of Common Pleas, Case No. 2010 CR 1284.   He was also indicted for one count of Burglary, one count of Receiving Stolen Property, one count of Possession of Criminal Tools, and one count of Escape in the Montgomery County Court of Common Pleas, Case No. 2010 CR 2935/1. Banks was evaluated for competence to stand trial, and on March 31, 2011, the trial court found that he was competent.

{¶ 4}    In Case No. 2010 CR 1284, Banks pled guilty to Burglary, Obstructing Official

Business, and Possession of Criminal Tools. In Case No. 2010 CR 2935/1, Banks pled guilty to Burglary, Receiving Stolen Property, and Possession of Criminal Tools. Appellee, the State of Ohio, dismissed the Escape count in Case No. 2010 CR 2935/1.

{¶ 5} On June 29, 2011, the trial court imposed an eight-year prison sentence in Case No. 2010 CR 1284, and an eight-year prison sentence in Case No. 2010 CR 2935/1. The sentences were ordered to run concurrently; therefore, Banks's total prison sentence is eight years. Banks did not directly appeal his sentence.

{¶ 6} On November 28, 2011, Banks filed a motion to withdraw his guilty plea under Crim.R. 32.1, or, alternatively, for post-conviction relief under R.C. 2953.21. The alternative motion claimed, in pertinent part, that Banks was denied effective assistance of counsel. In support of his motions, Banks submitted his own affidavit stating the basis for his ineffective assistance of counsel claim. On April 2, 2012, the trial court overruled the alternative motion, and Banks subsequently filed an appeal.

{¶ 7} Banks did not set forth specific assignments of error in his appellate brief as required by App.R. 16(A). However, upon reading the brief, we are able to surmise that Banks argues that the trial court erred when it overruled his motion to withdraw guilty plea and alternative motion for post-conviction relief. As discussed in *State v. Peoples*, 2d Dist. Miami No. 2005 CA 20, 2006-Ohio-4162, the failure to set forth specific assignments of error is grounds for dismissal. *Id*. at ¶ 24. However, in the interest of justice, we will review this matter to determine whether the trial court erred. We will first address Banks's motion to withdraw his guilty plea.

### II.   Did the Trial Court Err in Overruling Appellant's

### Motion to Withdraw Guilty Plea?

{¶ 8}     A motion to withdraw a guilty plea is governed by Crim.R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."   Accordingly, " 'Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order "to correct manifest injustice."   The manifest injustice standard demands a showing of extraordinary circumstances.' "   (Citations omitted.)   *State v. Reed*, 2d Dist. Clark No. 01CA0028, 2001 WL 1173329, *4 (Oct. 5, 2001).

{¶ 9}     "Ineffective assistance of counsel can constitute manifest injustice sufficient to allow the post-sentence withdrawal of a guilty plea."   (Citation omitted.)   *State v. Dalton*, 153 Ohio App.3d 286, 2003-Ohio-3813, 793 N.E.2d 509, ¶ 18 (10th Dist.).   "When arguing the ineffective assistance of counsel in a motion to withdraw a plea, the defendant must show that counsel's ineffectiveness affected whether the defendant made a knowing and voluntary plea." *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15 and 03 CO 31, 2004-Ohio-1548, ¶ 3.

{¶ 10}   In this case, Banks claims that he was denied effective assistance of counsel because defense counsel failed to investigate his case, failed to communicate with him, and failed to pursue an advantageous plea offer.   Other than a self-serving affidavit, the record contains no evidentiary documentation supporting Banks's claims.

{¶ 11}   This district addressed a similar situation in *State v. Laster*, 2d Dist. Montgomery

No. 19387, 2003-Ohio-1564.  In *Laster*, the defendant filed a motion to withdraw a guilty plea, arguing that he was "misled into a plea of guilty upon erroneous advice of counsel."  *Id*. at ¶ 8. We explained that, if true, this "would possibly render [defendant's] plea less than knowing and voluntary and, therefore, he would be allowed to change his plea".  *Id*.  However, because there was nothing in the record supporting the defendant's ineffective assistance claim, we found that the trial court correctly overruled the motion to withdraw.   In this regard, we stated:

> [W]here nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary. An argument grounded on matters outside the record can only be addressed by a post conviction relief motion. (Citation omitted.) *Id.*

{¶ 12}   As explained in *Laster*, matters outside the record must be addressed in a post-conviction relief motion. "[T]he availability of the post relief conviction route removes claims based on matters outside the record from the form of extraordinary circumstances demonstrating a manifest injustice."  *Id.*  Accordingly, the trial court did not err in overruling Banks's motion to withdraw his guilty plea.

### III.  Did the Trial Court Err in Overruling Appellant's Motion
### for Post-Conviction Relief?

{¶ 13}   Post-conviction relief is governed by R.C. 2953.21.  The statute provides, in pertinent part, that:

> Any person who has been convicted of a criminal offense * * * and who

claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief. R.C. 2953.21(A)(1)(a).

{¶ 14} " '[I]n a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness.' " *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983), quoting *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶ 15} As noted in R.C. 2953.21, affidavits may be submitted in support of post-conviction relief motions. The Supreme Court of Ohio stated the following in *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999) regarding such affidavits:

[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact. * * * Because the statute clearly calls for discretion in determining whether to grant a hearing, accepting all supporting affidavits as true is certainly not what the statute intended. * * *

\* \* \*

\* \* \* However, not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential. (Citation omitted.) *Id.* at 284.

{¶ 16} In *Calhoun*, the defendant filed a motion for post-conviction relief on grounds of ineffective assistance of counsel. *Calhoun*, 86 Ohio St.3d at 280, 714 N.E.2d 905. In support of his motion, the defendant attached his own affidavit, the affidavit of his mother, his plea hearing transcript, and his sentencing hearing transcript. *Id.* The trial court reviewed the hearing transcripts to determine whether the affidavits contradicted the record. *Id.* at 287. The trial court also analyzed whether the defendant had substantive grounds for post-conviction relief. *Id.* at 289-90. The trial court found, and the Supreme Court of Ohio agreed, that nothing in the record corroborated the defendant's ineffective assistance of counsel claim, and that the evidence submitted by the defendant did not demonstrate sufficient operative facts to establish such a claim. *Id.* at 288 and 291.

{¶ 17} In this case, Banks submitted significantly less evidence than the defendant in *Calhoun*. Banks only submitted a self-serving affidavit, which the trial court found was insufficient to support his ineffective assistance of counsel claim. Banks offered no other evidentiary documentation, and he also failed to file a transcript of the proceedings.

{¶ 18}  "The duty to provide a transcript for appellate review falls upon the appellant. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶ 19}  Because Banks failed to submit evidentiary documentation with sufficient operative facts demonstrating ineffective assistance of counsel, and because we must presume the validity of the trial court's proceedings, we find that the trial court did not err when it overruled Banks's motion for post-conviction relief.

{¶ 20}  Having found that the trial court appropriately overruled Banks's motion to withdraw his guilty plea and alternative motion for post-conviction relief, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FAIN, P.J. and DONOVAN, J., concur.


Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
David E. Banks
Hon. Barbara P. Gorman