[Cite as *Beyoglides v. Elmore*, 2012-Ohio-3979.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

HARRY G. BEYOGLIDES, JR.  :
                                                     :         Appellate Case No. 24905
            Plaintiff-Appellee        :
                                                     :         Trial Court Case No. 10-MSC-213
v.                                                 :
                                                     :
CAYE ELMORE, et al.                :         (Civil Appeal from Common Pleas
                                                     :          Court, Probate)
            Defendant-Appellant   :
                                                     :

. . . . . . . . . . .

### O P I N I O N

Rendered on the 31st day of August, 2012.

. . . . . . . . . . .

HARRY BEYOGLIDES, JR., Atty. Reg. #0018959, 130 West Second Street, Suite 1500, Dayton, Ohio 45402
            Plaintiff-Appellee, *pro se*

WILLIAM R. MILLER, Atty. Reg. #0068725, 111 West First Street, Suite 519, Dayton, Ohio 45402
            Attorney for Defendant-Appellant, Caye Elmore

CROFFORD MACKLIN, Atty. Reg. #0022983, and THOMAS KNOTH, THOMPSON HINE LLP, Atty. Reg. #0034240, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342
            Attorneys for Defendant-Appellee, Wright State University Foundation, Inc.

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Caye Elmore appeals from an order of the Montgomery County Common Pleas Court, Probate Division, modifying its prior order construing a will. Elmore contends that the trial court erred by granting relief, under Civ.R. 60(B), from the original order construing the will.

{¶ 2}    We conclude that the trial court erred by using Civ.R. 60(B)(5) as a substitute for a direct appeal from a final appealable order. Accordingly, the order of the trial court from which this appeal is taken is Reversed and Vacated.

## I.    The Decedent's Last Will and Testament

{¶ 3}    Irma Lucas died testate in 2006. Her will, in Item II, directed that her real property be sold. In Item II(A), Lucas directed payments of $1,000 in cash to Reana Jackson, Laura Sykes, William Larry Lucas and Gladys Gunn, if they survived Lucas. In Item II(B), Lucas directed that her sister Kathryn Mitchell receive one-third of the "total estate," if her sister survived her. In Item II(C), the will provided that one-third of her "total estate" would go to various nieces, if they survived Lucas. Item II(D) directed that one-third of Lucas's "cash assets" go to various foundations, including the George W. Lucas Minority Memorial Scholarship Fund, Wright State Foundation, Dayton, Ohio. Item III is a residuary clause naming Elmore and Kathryn Mitchell as the remainder beneficiaries.

{¶ 4}    While serving as fiduciary, Elmore made distributions to individuals and entities not named in the will. Elmore was removed as fiduciary and attorney Harry Beyoglides was appointed as the Administrator De Bonis Non With Will Annexed.

{¶ 5}    Beyoglides filed a complaint seeking to have the probate court construe the terms "cash assets" and "total assets," as set forth in the will.  On May 6, 2011, the probate court filed an Entry and Order Construing Will, in which the court defined "cash assets" as an "asset immediately convertible into cash," including "real estate proceeds, any matured certificate of deposit, and any other account that may be redeemed or withdrawn without penalty."   The court defined "total assets" as the entirety of the estate.

{¶ 6}    On July 15, 2011, Beyoglides filed a Motion to Modify or Clarify, in which he argued that the court had mistakenly ruled that certificates of deposit and annuities were not cash assets unless they had reached maturity.   Beyoglides argued that the probate court "misinterpreted" case law.   The Wright State Foundation filed a memorandum in support of Beyoglides's motion.   Elmore moved to strike, arguing that because Beyoglides had failed to appeal from the May 6 Order Construing Will, he was bound by that decision.

{¶ 7}    On August 22, 2011 the probate court entered an order denying the motion to strike, on the ground that Civ.R. 60(B) permitted the court to modify or clarify its previous order.[1]   After permitting Elmore time to respond, the probate court entered an order granting relief pursuant to Civ.R. 60(B)(5), ruling that certificates of deposit "should have been included in the Court's definition of a cash asset."

{¶ 8}    From the trial court's order of August 22, 2011, Elmore appeals.


**II.   The Trial Court Erred by Using Civ.R. 60(B) as a Substitute for Appeal**

---

[1]    The probate court appears to have, sua sponte, converted the motion to modify and clarify into a Civ.R. 60(B)(5) motion for relief from judgment.

**{¶ 9}** Elmore's sole assignment of error states as follows:

THE MONTGOMERY COUNTY PROBATE COURT ABUSED ITS DISCRETION

WHEN IT GRANTED THE MOTION TO MODIFY OR CLARIFY.

**{¶ 10}** Elmore contends that the probate court erred in granting Beyoglides's motion, because he failed to meet all of the elements required to satisfy Civ.R. 60(B). She further argues that the probate court erred in granting the motion because Beyoglides improperly used Civ.R. 60(B) as a substitute for appeal.

**{¶ 11}** Beyoglides brought an action in the probate court, under R.C. 2107.46, to construe the will. The trial court's order of May 6, 2011, resolved all of the claims set forth in Beyoglides's complaint. It was therefore a final order. R.C. 2505.02(B)(1). No party appealed from that order.

**{¶ 12}** "Once an order has been journalized by a trial court as a final appealable order, that order cannot be modified or vacated except as provided under Civ.R. 50(B) (motion notwithstanding the verdict), Civ.R. 59 (motion for new trial), or Civ.R. 60(B) (motion for relief from judgment)." *Krumheuer v. Flowers & Versagi Reporters*, 8th Dist. Cuyahoga No. 72431, 1997 WL 691169, *2, citing *In re Guardianship of Mauer*, 108 Ohio App.3d 354, 357, 670 N.E.2d 1030 (6th Dist.1995); *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 380, 423 N.E.2d 1105 (1981); and Civ.R. 54(A).

**{¶ 13}** Beyoglides's motion to modify or clarify was not a proper vehicle for seeking relief from a judgment. However, as noted above, the probate court addressed the motion as though it were one made pursuant to Civ.R. 60(B). The question then is whether the probate court acted appropriately by granting relief from judgment pursuant to Civ.R. 60(B)(5).

**{¶ 14}** Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his

legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 15}　To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:　(1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time.　*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

{¶ 16}　"A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).　An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable.　*Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17}　A Civ.R. 60(B) motion may not be used as a substitute for direct appeal. *Key v. Mitchell,* 81 Ohio St.3d 89, 90–91, 689 N.E.2d 548 (1998); *Doe v. Trumbull Cty. Child.*

*Serv. Bd.,* 28 Ohio St.3d 128, 131, 502 N.E.2d 605 (1986). This court has stated that "[t]he use of Civ. R. 60(B) is generally reserved to issues that cannot be raised on appeal." *Burgess v. Safe Auto*, 2d Dist. Montgomery No. 20941, 2005-Ohio-6829, ¶ 32. Therefore, when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available. *Wozniak v. Tonidandel,* 121 Ohio App.3d 221, 228, 699 N.E.2d 555 (8th Dist.1997).

{¶ 18} The probate court's order granting relief from judgment appears to be predicated upon the ground that the court had mistakenly excluded certificates of deposit from the term "cash assets." While mistake is a basis for relief under Civ.R. 60(B)(1), this court has held that "the type of mistake contemplated by Civ.R. 60(B)(1) is a mistake by a party or his legal representative, not a mistake by the trial court in its legal analysis." *Ford Motor Credit Co. v. Cunningham*, 2d Dist. Montgomery No. 20341, 2004-Ohio-6226, ¶ 15. It was not appropriate for the trial court to use the catch-all provision of Civ.R. 60(B)(5). "A Civ.R. 60(B)(5) motion for relief from judgment may not be used as a substitute for a direct appeal from the judgment challenged, *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 245, 18 O.O.3d 442, 443-444, 416 N.E.2d 605, 607, nor may it be used as a substitute for, or in place of, any of the other more specific provisions of Rule 60(B). *Caruso-Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365." *Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 129, 623 N.E.2d 163, 172 (2d Dist.1993).

{¶ 19} Beyoglides's arguments in his motion to modify or clarify could have been the basis for a direct appeal from the original order construing the will. The trial court therefore erred when it granted relief under Civ.R. 60(B).

**{¶ 20}** Elmore's sole assignment of error is sustained.


### III.   Conclusion

**{¶ 21}** Elmore's sole assignment of error having been sustained, the order of the trial court from which this appeal is taken is Reversed and Vacated.   The trial court's original May 6, 2011 order construing the will remains in full force and effect.

. . . . . . . . . . . . .

FROELICH and RICE, JJ., concur.


(Hon. Cynthia W. Rice, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Harry G. Beyoglides, jr.
William R. Miller
Crofford Macklin
Thomas A. Knoth
Hon. Alice O. McCollum