[Cite as *Al-Mosawi v. Plummer*, 2012-Ohio-6034.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MAHDI AL-MOSAWI                          :

     Plaintiff-Appellant                 :          C.A. CASE NO.    24985

v.                                       :          T.C. NO.    09CV9079

PHIL PLUMMER, et al.                     :          (Civil appeal from
                                                    Common Pleas Court)

     Defendant-Appellee                  :

                                         :

         . . . . . . . . . .

**O P I N I O N**

Rendered on the ____21st____ day of _____December_____, 2012.

. . . . . . . . . .

MAHDI AL-MOSAWI, #576-833, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
       Plaintiff-Appellant

VICTORIA E. WATSON, Atty. Reg. No. 0061406, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Defendant-Appellee

. . . . . . . . . .

VUKOVICH, J. (by assignment)

{¶ 1}  Plaintiff-appellant Mahdi Al-Mosawi appeals from the decision of the

Montgomery County Common Pleas Court granting Defendant-Appellee Phil Plummer's

(Montgomery County Sheriff) motion for summary judgment. The argument raised in this appeal is whether the two-year statute of limitations for the claims he is asserting against the Montgomery County Sheriff are tolled either because Al-Mosawi was incompetent under R.C. 2305.16 or should be tolled due to his alleged limited ability to speak and understand English and the laws of this country.

{¶ 2} For the reasons expressed below, the statute of limitations was not tolled. Thus, the trial court's grant of summary judgment for Plummer is hereby affirmed.

STATEMENT OF THE CASE

{¶ 3} On November 6, 2009, Al-Mosawi filed a complaint against Plummer, the Sheriff of Montgomery County, Ohio, alleging that on October 27, 2007, he was severely beaten by inmate Jeffrey Burney while housed at the Montgomery County Jail. The injuries included a head injury that required hospital treatment for the placement of a metal plate in Al-Mosawi's skull. Al-Mosawi claims that the Sheriff violated his civil rights and that the sheriff's actions constituted a dereliction of duty, negligence, and careless indifference.

{¶ 4} In December 2009, Plummer filed a Civ.R. 12(B)(6) motion to dismiss asserting that the claims were barred by the statute of limitations.

{¶ 5} Al-Mosawi filed a motion in opposition to the motion to dismiss claiming that he attempted to file his complaint on October 22 or 23, 2009, but it was returned from the Clerk's office as unfiled on October 24, 2009.

{¶ 6} The matter was referred to a magistrate. The magistrate converted the motion to dismiss into a motion for summary judgment because it was not clear on the face of the complaint whether the statute of limitations had run. The date of the filing of the

complaint was one of the concerns addressed in the magistrate's opinion. Converting the motion allowed Al-Mosawi the opportunity to rebut the presumption that the complaint was filed on November 6, 2009. 5/3/10 J.E. Furthermore, the magistrate also discussed the potential applicability of the unsound mind tolling provision in R.C. 2305.16. Thus, the conversion into a summary judgment motion provided Al-Mosawi time to present evidence that R.C. 2305.16 was applicable and that it tolled the statute of limitations.

**{¶ 7}** Plummer filed objections to the magistrate's decision. After reviewing the objections, the trial court adopted the magistrate's decision and concluded that the summary judgment motions were ripe for review. 4/4/2011 J.E.

**{¶ 8}** Al-Mosawi appealed the trial court's decision; the appeal was dismissed for lack of a final appealable order.

**{¶ 9}** Thereafter, the parties filed additional motions for summary judgment and opposition motions. In these motions Al-Mosawi conceded that he incorrectly stated that the date of the assault was October 27, 2007, when in fact it occurred on September 29, 2007.

**{¶ 10}** On October 20, 2011, the magistrate issued its decision and granted summary judgment for Plummer. It stated that the statute of limitations for the claims raised was two years. It then found that Al-Mosawi did not rebut the presumption that the complaint was filed on November 6, 2009. Furthermore, it found that Al-Mosawi did not present any evidence that the statute of limitations was tolled under R.C. 2305.16. Consequently, the magistrate found that the claims were barred by the statute of limitations.

**{¶ 11}** Al-Mosawi filed objections. The trial court overruled the objections and

adopted the magistrate's decision in full. 12/20/11 J.E. Al-Mosawi then filed a request for findings of fact and conclusions of law. The trial court overruled the motion. 1/6/12 J.E. Al-Mosawi filed a timely appeal.

ASSIGNMENT OF ERROR

Appellant respectfully submits with his single assignment of error that the trial court under the unique circumstances of this case denied him due process and equal protection of the law under the 14th and 1st Amendments of the United States Constitution when (1) the trial court granted defendant's motion for summary judgment, and (2) when the trial court refused Plaintiff's timely request for findings of facts and conclusion of law * * * after Plaintiff supplied the court with additional information in an objection, as such the trial court abused its discretion, by committing plain error.

{¶ 12} The arguments made in the appellant's brief focus solely on the trial court's grant of summary judgment in Plummer's favor. The arguments do not address the trial court's denial of the motion for findings of fact and conclusions of law. Thus, our review will primarily focus on the propriety of the summary judgment ruling.

{¶ 13} When reviewing a trial court's grant of summary judgment, an appellate court conducts a *de novo* review. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In conducting a *de novo* review we use the same standard that the trial court should have used, which is found in Civil Rule 56(C). *Powell v. Rion*, 2d Dist. Montgomery No. 24756, 2012-Ohio-2665, ¶ 6 (2d Dist.). That rule provides that summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated;

(2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Civ.R. 56(C). *See also Smith v. Kelly*, 2d Dist. Clark No. 2011 CA 77, 2012-Ohio-2547, ¶ 15.

{¶ 14} Plummer argued and the trial court found that the claims asserted are barred by the statute of limitations. The claims raised in the complaint are a 42 U.S.C. § 1983 civil rights claim, a personal injury claim based on negligence, and an action against a political subdivision to recover damages for an injury that occurred in connection with a governmental or proprietary function. All these of these claims have a two-year statute of limitations. *Gessner v. Schroeder*, 2d Dist. Montgomery No. 21498, 2007-Ohio-570, ¶ 63 (law clear that two-year statute of limitations applies to claims brought under 42 U.S.C. § 1983), citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989); R.C. 2305.16 (statute of limitations for personal injury is two years); R.C. 2744.04 (two-year statute of limitations for injury done by a political subdivision in connection with a governmental or proprietary function).

{¶ 15} As aforementioned, Al-Mosawi concedes and Plummer agrees that the assault causing the injuries occurred on September 29, 2007. Two years from that date is September 29, 2009. The time-stamped date on the complaint is November 6, 2009. Al-Mosawi offered no evidence to rebut this as being the date of filing. Accordingly, the trial court's conclusion that the complaint was filed outside the two-year time limit is correct.

{¶ 16}   Although the complaint was filed 38 days beyond the two-year statute of limitations, Al-Mosawi contends that it should still be deemed timely because the limitations period was tolled due to either him being of unsound mind as contemplated by R.C. 2305.16 and/or because he was not born in the United States ("Iraqis (sic) born") and has little understanding of English or the laws of this country.

{¶ 17}   R.C. 2305.16 tolls the statutes of limitation when the plaintiff experiences the condition of an unsound mind.   *Thomas v. Progressive Cas. Ins. Co., Inc.*, 2011-Ohio-6712, 969 N.E.2d 1284, ¶ 27 (2d Dist.).

{¶ 18}   "'Of unsound mind' includes all forms of mental retardation or derangement." R.C. 1.02(C).   "Courts have held that such conditions, when they occur simultaneously with accrual of the cause of action concerned, may be found to have existed 'at the time the cause of action accrues' for purposes of R.C. 2305.16."   *Thomas* at ¶ 29, citing *Bowman v. Lemon*, 115 Ohio St. 326, 154 N.E. 317 (1926) and *Almanza v. Kohlhorst*, 85 Ohio App.3d 135, 619 N.E.2d 442 (3d Dist.1992).   This means that the limitations period is tolled from that date and does not resume until "after the disability is removed." R.C. 2305.16.   It is the plaintiff's burden to show that he suffered   "some species of mental deficiency or derangement [that caused him] to be unable to look into his affairs, properly consult with counsel, prepare and present his case and assert and protect his rights in a court of justice."   *Thomas* at ¶ 29, quoting *Lemon* at paragraph three of the syllabus.

{¶ 19}   We have also noted that the condition of unsound mind implies "a much more profound disturbance of mental faculties than the 'moderate to serious deficit in social and occupational functioning.'"   *Id.* at ¶ 34.   The Ohio Supreme Court observed that a "nebulous assertion of emotional distress does not create an issue of fact concerning

unsound mind." *Fisher* at 488.

{¶ 20} Here, Al-Mosawi did not provide the trial court with any evidence that he was of unsound mind.

{¶ 21} Furthermore, we cannot conclude that the fact that Al-Mosawi was not born in the United States, who purportedly does not speak or understand English, and who does not know the laws of this country renders him of unsound mind. Those facts, alone, do not amount to "mental retardation or derangement." Some individuals who do not understand English or the laws may have a "mental retardation or derangement" that would constitute being of unsound mind. However, the sole fact that a person is from another country and does not understand the language or laws of this land does not constitute being of an unsound mind.

{¶ 22} That said, there is the discovery rule which in some instances tolls the statute of limitations. It has been explained that the discovery rule, in general, provides that a "cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury." *Investors REIT One v. Jacobs,* 46 Ohio St.3d 176, 179, 546 N.E.2d 206 (1989). The discovery rule's purpose is to limit the "unconscionable result to innocent victims who by exercising even the highest degree of care could not have discovered the cited wrong. By focusing on discovery as the element which triggers the statute of limitations, the discovery rule gives those injured adequate time to seek relief on the merits without undue prejudice to * * * defendants." *Barr v. Lauer*, 8th Dist. Cuyahoga No. 92497, 2009-Ohio-5563, ¶ 28, quoting *Ault v. Jasko,* 70 Ohio St.3d 114, 115-116,

1994-Ohio-376, 637 N.E.2d 870. Thus, the rule requires the court to consider whether the plaintiff knew that he had a cause of action or *reasonably should have known*. *Id.* at ¶ 29.

**{¶ 23}** Furthermore, courts have held that it is knowledge of the facts, not legal theories, which starts the running of the statute of limitations. *Hershberger v. Akron City Hosp.*, 34 Ohio St.3d 1, 5, 516 N.E.2d 204 (1987). *See also Hicks v. Garrett*, 5th Dist. Stark No. 2011CA00109, 2012-Ohio-3560, ¶ 117. Ignorance of the law does not toll the statute of limitations. *Lynch v. Dial Finance Co. of Ohio No. 1, Inc.*, 101 Ohio App.3d 742, 748, 656 N.E.2d 714 (8th Dist.1995). *See also Egger v. Soltesz*, 6th Dist. Erie No. E-10-029, 2011-Ohio-1843, ¶ 22; *Sharp v. Ohio Civil Rights Comm.*, 7th Dist. Mahoning No. 04 MA 116, 2005-Ohio-1119, ¶14; *Luft v. Perry Cty. Lumber & Supply Co.*, 10th Dist. Franklin No. 02AP-559, 2003-Ohio-2305, ¶ 58; *Conrad v. Fifth Third Bank*, 6th Dist. Sandusky No. S-92-27, 1993 WL 235794 (June 30, 1993). It is ignorance of facts that provides relief. *Conrad.*

**{¶ 24}** Consequently, since it is knowledge of the facts and not the law that tolls the statute of limitations, the discovery rule is inapplicable in this case. Al-Mosawi knew of the assault when it occurred; thus, he knew of the injury and the facts surrounding it. This is not the situation where he could not have discovered the injury. Merely because he was not aware that under American law he could sue the Sheriff's Department does not toll the statute of limitations. As aforementioned, ignorance of the law is not a tolling event for purposes of the statute of limitations. Thus, akin to the above analysis in discussing whether Al-Mosawi is considered to be of unsound mind, the fact that he was not born in the United States and that he is not aware of American law does not toll the statute of

limitations.

{¶ 25}    Lastly, Al-Mosawi contends that summary judgment was inappropriate because in the objections to the magistrate's decision he presented "new evidence" from his inmate assistant, Robert Hillman, which would allegedly foreclose summary judgment to Plummer.  The "new evidence" was that Al-Mosawi was not made aware of his ability to file a complaint until early November 2009, when Hillman advised him of that right.  Al-Mosawi cited to Civ.R. 60(B)(1), (2) and (3) as justification for denying Plummer's motion for summary judgment; he was attempting to use those reasons to toll the statute of limitations.

{¶ 26}    Civ.R. 60(B)(1), (2) and (3) allows for relief from a final order when there is either excusable neglect, newly discovered evidence, or fraud by the adverse party.  At the outset, it must be explained that Civ.R. 60(B) has no application in this case.  Civ.R. 60(B) is not an avenue that can be used as means to have a trial court deny a motion for summary judgment.  Rather, it is used by a party seeking to vacate a final order.  Civ.R. 60(B).  For instance after a trial court grants summary judgment, which is a final order, a party may seek vacation of that judgment by filing a Civ.R. 60(B) motion and meeting all three requirements for vacation.

{¶ 27}    That said, even if the reasoning in Civ.R. 60(B)(1), (2) or (3) could be used to render summary judgment inappropriate, those reasons are not applicable in this case.  Al-Mosawi's justification for the application of excusable neglect was that he did not understand the laws and does not understand or speak English.  Therefore, according to him, it is excusable neglect that he did not file his complaint within the two-year statute of

limitations. As explained above, his purported lack of understanding English or the law does not toll the statute of limitations. All that is relevant is that he had knowledge of his injury.

{¶ 28} Likewise, his purported inability to understand English or know the laws is not "newly discovered" evidence for purposes of Civ.R. 60(B). Newly discovered evidence is evidence which by due diligence could not have been discovered by Al-Mosawi. Civ.R. 60(B)(2). His inability to understand English and know the law was clearly known to Al-Mosawi. If Al-Mosawi is somehow contending that his lack of knowledge that he had the right to file a suit against Plummer qualifies as "newly discovered evidence," that argument still fails because the legal right to file a suit is not evidence, rather it is knowledge of the law. Furthermore, as explained above, the lack of knowledge of the law does not toll the statute of limitations. If Al-Mosawi meant that his inability to understand English and the laws was newly discovered evidence for the trial court, this argument also fails because "newly discovered evidence" must be newly discovered to the party, not the court. Regardless, the magistrate was clearly aware of these facts prior to its October 2011 decision. In October 2010, in Al-Mosawi's Motion for Summary Judgment, Al-Mosawi made it clear that part of his justification for filing the complaint beyond the statute of limitations was because he allegedly did not understand English or the laws. Thus, both the trial court and the magistrate were aware of this fact.

{¶ 29} Fraud also does not apply in this case. While it is true that fraud may act as tolling agent because the party injured may not know he is injured until a later date, here there is no evidence to even remotely suggest that fraud is what caused Al-Mosawi's injury

or that he did not know of his injury. Rather the record is clear that Al-Mosawi knew of his injury and the facts surrounding his injury.

{¶ 30} Thus, given the facts of this case, the reasons espoused in Civ.R. 60(B)(1), (2) and (3), even if they could be used, do not qualify as tolling events for purposes of the statute of limitations. The trial court did not commit error in failing to deny summary judgment on the basis of Civ.R. 60(B).

{¶ 31} Consequently, for all the above reasons the trial court did not err when it granted summary judgment in Plummer's favor. The statute of limitations had expired when the complaint was filed. The sole assignment of error lacks merit.

{¶ 32} The trial court's decision is hereby affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mahdi Al-Mosawi
Victoria E. Watson
Hon. Steven K. Dankof