[Cite as *Mosawi v. Plummer*, 2014-Ohio-1543.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

MAHDI AL MOSAWI                          :

    Plaintiff-Appellant              :            C.A. CASE NO.   25895

v.                                       :            T.C. NO.   09CV9079

PHIL PLUMMER                             :            (Civil appeal from
                                           Common Pleas Court)

    Defendant-Appellee               :

                                         :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____11th____ day of _____April_____, 2014.

. . . . . . . . . .

MAHDI AL MOSAWI, #A576-833, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
        Plaintiff-Appellant

R. LYNN NOTHSTINE, Atty. Reg. No. 0061560, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Mahdi

Al-Mosawi, filed April 29, 2011. Mosawi appeals from the August 5, 2013 "Order Overruling Plaintiff's Motion for Relief from Judgment." We hereby affirm the judgment of the trial court.

{¶ 2}    The facts herein were previously summarized by this Court's decision in *Al-Mosawi v. Plummer*, 2d Dist. Montgomery No. 24985, 2012-Ohio-6034, ¶ 3-11, as follows:

On November 6, 2009, Al-Mosawi filed a complaint against [Phil] Plummer, the Sheriff of Montgomery County, Ohio, alleging that on October 27, 2007, he was severely beaten by inmate Jeffrey Burney while housed at the Montgomery County Jail. The injuries included a head injury that required hospital treatment for the placement of a metal plate in Al-Mosawi's skull. Al-Mosawi claims that the Sheriff violated his civil rights and that the sheriff's actions constituted a dereliction of duty, negligence, and careless indifference.

In December 2009, Plummer filed a Civ.R. 12(B)(6) motion to dismiss asserting that the claims were barred by the statute of limitations.

Al-Mosawi filed a motion in opposition to the motion to dismiss claiming that he attempted to file his complaint on October 22 or 23, 2009, but it was returned from the Clerk's office as unfiled on October 24, 2009.

The matter was referred to a magistrate. The magistrate converted the motion to dismiss into a motion for summary judgment because it was not clear on the face of the complaint whether the statute of limitations had run.

The date of the filing of the complaint was one of the concerns addressed in the magistrate's opinion. Converting the motion allowed Al-Mosawi the opportunity to rebut the presumption that the complaint was filed on November 6, 2009. * * * Furthermore, the magistrate also discussed the potential applicability of the unsound mind tolling provision in R.C. 2305.16. Thus, the conversion into a summary judgment motion provided Al-Mosawi time to present evidence that R.C. 2305.16 was applicable and that it tolled the statute of limitations.

Plummer filed objections to the magistrate's decision. After reviewing the objections, the trial court adopted the magistrate's decision and concluded that the summary judgment motions were ripe for review. * * *

Al-Mosawi appealed the trial court's decision; the appeal was dismissed for lack of a final appealable order.

Thereafter, the parties filed additional motions for summary judgment and opposition motions. In these motions Al-Mosawi conceded that he incorrectly stated that the date of the assault was October 27, 2007, when in fact it occurred on September 29, 2007.

On October 20, 2011, the magistrate issued its decision and granted summary judgment for Plummer. It stated that the statute of limitations for the claims raised was two years. It then found that Al-Mosawi did not rebut the presumption that the complaint was filed on November 6, 2009. Furthermore, it found that Al-Mosawi did not present any evidence that the

statute of limitations was tolled under R.C. 2305.16. Consequently, the magistrate found that the claims were barred by the statute of limitations.

Al-Mosawi filed objections. The trial court overruled the objections and adopted the magistrate's decision in full. * * * Al-Mosawi then filed a request for findings of fact and conclusions of law. The trial court overruled the motion. * * * Al-Mosawi filed a timely appeal.

{¶ 3} This Court concluded that "the trial court did not err when it granted summary judgment in Plummer's favor. The statute of limitations had expired when the complaint was filed." *Id*., ¶ 31.

{¶ 4} On May 2, 2013, Al-Mosawi filed a Civ.R. 60(B) motion for relief from judgment. The caption provides, "Now comes the Plaintiff Mr. Mahdi Al-Mosawi by and through inmate assistance of Robert Hillman and respectfully moves this Honorable Court pursuant to Civil Rule 60(B)(3) and (5) to vacate and grant Relief from Judgment." Al-Mosawi asserted that "the very spirit of Civil Rule 60(B) is remedial, and accordingly, inquiries surrounding its application should be liberally construed." He asserted that he was entitled to an evidentiary hearing on his motion, and that "the trial court itself committed an act of fraud through legal misrepresentation of the law in order to obtain this judgment, and * * * when a party moves for relief from judgment under Ohio Civil Rule 60(B)[,] movant is only required to allege a meritorious defense, the movant does not have to prove that it will prevail on that defense." Al-Mosawi asserted that, having been born in Iraq, he "cannot be considered typical as he reads very little English, and talks even less. Courts have allowed the statute of limitation to be tolled when (1), there is some evidence of present

[prohibited] activities giving rise to a claim of a continuing violation, and at least one of the forbidden acts occurs within the relevant limitation period." Al-Mosawi asserted that "the court denied him meaningful access to the court," due process and equal protection. Al-Mosawi requested an "evidentiary hearing on the statute of limitations," and "a final appealable order * * * in order to protect Plaintiff's rights to appellate review, and due process."

{¶ 5} Al-Mosawi attached an affidavit to his motion that provides in part as follows:

* * *

5) Had it not been for inmate Robert Hillman who told me I could file a lawsuit against the Montgomery County Sheriff Dept for its failure to protect me, negligence, and careless indifference, I would have never known I had a legal remedy available.

6) That within 40 days after discovery or discovering I could sue Mr. Robert Hillman filed the civil complaint on my behalf, and has participated in not only filing all of my legal filing in this matter, but also my telephone conference held April 19, 2010 before Magistrate Judge (David Fuchsman) because Plaintiff could not understand English that well or protect his own interest.

7) Robert Hillman filed an affidavit stating that he was the one who had to inform Plaintiff of his legal rights and that Hillman filed the complaint within 30 days of Plaintiff telling his story about what occurred in the

Montgomery County Jail.

\* \* \*

**{¶ 6}**   Plummer opposed Al-Mosawi's Motion, asserting that his arguments are barred by the doctrine of res judicata.

**{¶ 7}**   On August 5, 2013, the trial court issued an "Order Overruling Plaintiff's Motion for Relief from Judgment."   The court determined in part as follows:

\* \* \*

Contrary to Plaintiff's suggestion that this court treated him unfairly, on November 29, 2011, upon Plaintiff's motion, the court **vacated** its aforementioned November 16, 2011 Judgment Entry adopting the Magistrate's Decision.   Further, on December 2, 2011, the Court granted Plaintiff an extension of time through December 20, 2011 to file his Objections to the Magistrate's October 20, 2011 decision.

Plaintiff filed his objections on December 15, 2011.   Thereafter, on December 20, 2011, this Court, after duly considering Plaintiff's Objections, filed its Entry Adopting the Magistrate's Decision.   Plaintiff appealed the Court's Entry, and on December 21, 2012, the Second District Court of Appeals filed it Final Entry affirming the Court's December 20, 2011 Entry. On April 3, 2013 the Supreme Court declined to accept jurisdiction.

The instant motion is nothing more than an attempt to circumvent the Court's previous disposition of this case, now upheld in the Second District Court of Appeals and the Ohio Supreme Court.   As such, Plaintiff's motion

has **no basis in law** and is hereby overruled in its entirety.

{¶ 8} Al-Mosawi asserts two assignments of error herein. His first assigned error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT-APPELLANT (sic) AL MOSAWI AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING PLAINTIFF-APPELLANT-APPELLANT (sic) AL MOSAWI'S MOTION TO VACATE PURSUANT TO CIVIL RULE 60(B)(3)&(5); WITHOUT HOLDING AN EVIDENTIARY HEARING, AS A MOTION AND AFFIDAVIT CONTAINING SUFFICIENT CLAIMS AND OPERATIVE FACTS WITH (sic) INDICATE SUMMARY JUDGMENT WAS INAPPROPRIATELY GRANTED TO DEFENDANTS-APPELLEES PLUMMER, ET.AL.

{¶ 9} Al-Mosawi asserts that, "having alleged sufficient operative facts to prevail on a Civ.R. 60(B) motion, the trial court abused its discretion in failing to conduct a hearing."

{¶ 10} Civ.R. 60(B) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:* * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment." To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) he has a meritorious defense or claim to present if

relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976).

{¶ 11} "'A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.' *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987)." *Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 16. As this Court has noted:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *Huffman v. Hair Surgeons, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). A decision is unreasonable if there is no sound reasoning process that would support that decision. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 553 N.E.2d 597 (1990).

*Feldmiller v. Feldmiller,* 2d Dist. Montgomery No. 24989, 2012-Ohio-4621, ¶ 7.

{¶ 12} As noted by the Supreme Court of Ohio:

The doctrine of res judicata encompasses the two related concepts of claim preclusion, also know as res judicata or estoppel by judgment, and issue preclusion, also know as collateral estoppel. * * * Claim preclusion prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action. * * * Where a claim could have been litigated in the previous suit, claim

preclusion also bars the subsequent actions on that matter. * * *

Issue preclusion, on the other hand, serves to prevent relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies. * * * Issue preclusion applies even if the causes of action differ. *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803.

**{¶ 13}** As the trial court properly determined, Al-Mosawi's Civ.R. 60(B) motion had no basis in law and was "nothing more than an attempt to circumvent [the trial court's] previous disposition of this case," which was affirmed on appeal. In other words, the claims contained in Al-Mowasi's motion are barred by the doctrine of res judicata, and Al-Mosawi's first assigned error is overruled.

**{¶ 14}** Al-Mosawi's second assigned error is as follows:

"PLAINTIFF-APPELLANT AL MOSAWI WAS PREJUDICED BY IMPROPER LEGAL ASSISTANCE BY A NON-LAWYER, THUS PREVENTING HIM DUE PROCESS AND RIGHTS TO A FAIR PROCEEDINGS." (sic)

**{¶ 15}** Al-Mosawi asserts that it is prejudicial "when a layperson is forced to file a timely pro se claim against an office full of trained and experience[d] trial attorneys, or lose the viability of that claim forever, all because he is unable to afford to retain suitable counsel for himself at the time. It is absolutely absurd for any court to hold a layperson to the same standards as a trained attorney * * *."

**{¶ 16}** To the contrary, the law in Ohio is clear that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same

standard as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20. Thus, "a pro se litigant 'cannot expect or demand special treatment from the judge, who is to sit as impartial arbiter.'* * * ." *Id*. Accordingly, it was incumbent upon Al-Mosawi, even as a pro se litigant, to timely file his claims against Plummer; he failed to do so, and Plummer was entitled to summary judgment. Al-Mosawi's second assigned error lacks merit and is overruled.

{¶ 17} Having overruled Al-Mosawi's assigned errors, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Mahdi AL Mosawi
R. Lynn Nothstine
Hon. Steven K. Dankof