[Cite as *JPMorgan Chase Bank, N.A. v. Chenoweth*, 2014-Ohio-3507.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

JPMORGAN CHASE BANK, N.A.

      Plaintiff-Appellee

v.

STEVEN K. CHENOWETH, et al.

      Defendant-Appellant


Appellate Case No.    25953

Trial Court Case No.   2012-CV-3690


(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 15th day of August, 2014.

. . . . . . . . . . .

STEPHEN D. WILLIGER, Atty. Reg. No. 0014342, 127 Public Square, 3900 Key Tower, Cleveland, Ohio 44114, TERRY W. POSEY, JR., Atty. Reg. No. 0039666, JESSICA E. SALISBURY-COPPER, Atty. Reg. No. 0085038, Austin Landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342
      Attorneys for Plaintiff-Appellee

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Defendant-Appellee-Montgomery County Treasurer

STEVEN K. and GWEN CHENOWETH, 8654 Deergate Drive, Huber Heights, Ohio 45424
      Defendants-Appellants-Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendants-appellants, Steven K. Chenoweth and Gwen Chenoweth, appeal pro

se from the decision of the Montgomery County Court of Common Pleas overruling their Civ.R.

60(B) motion to vacate a decree in foreclosure.   For the reasons outlined below, the judgment of

the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2}    On April 24, 2008, the Chenoweths obtained a home loan by executing a

promissory note for $156,594 in favor of First Horizon Home Loans and a mortgage to Mortgage

Electronic Registration Systems, Inc. ("MERS"), as First Horizon's nominee.   On May 3, 2012,

MERS assigned the Chenoweths' mortgage to the appellee herein, JPMorgan Chase Bank, N.A.

("Chase").

{¶ 3}    On May 21, 2012, Chase filed a complaint in foreclosure alleging that the

Chenoweths had defaulted under the terms of the promissory note and that Chase has complied

with all conditions precedent necessary to foreclose on the property.   Attached to the complaint

were copies of the promissory note, mortgage, and assignment of mortgage.

{¶ 4}    On June 12, 2012, the Chenoweths filed a pro se answer to Chase's complaint in

foreclosure.   As part of their answer, the Chenoweths claimed that their home was included in a

Chapter 7 Bankruptcy discharge received in 2009, and that they continued to pay their mortgage

every month thereafter until December 2011.   The Chenoweths  acknowledged in their answer

that they had fallen behind on their payments due to financial hardship caused by the illness and

death of a family member.

**{¶ 5}** On August 9, 2012, Chase filed a motion for summary judgment and an affidavit of its vice president averring that the Chenoweths were in default of their loan as of December 1, 2011. The affidavit also provided the principal and interest due on the loan. The trial court gave the Chenoweths until August 27, 2012, to file a response in opposition to Chase's motion for summary judgment. After requesting multiple extensions, the Chenoweths eventually filed their response on December 14, 2012.

**{¶ 6}** On December 27, 2012, the trial court issued a decision granting summary judgment and a decree of foreclosure in favor of Chase. The Chenoweths did not appeal from that decision and a sheriff's sale was scheduled for April 26, 2013. However, on April 24, 2013, the Chenoweths filed a motion to vacate the sheriff's sale.

**{¶ 7}** The next day, on April 25, 2013, the trial court issued a decision vacating the sheriff's sale after it found that Chase had failed to certify that it had sent the Chenoweths a copy of the final judgment entry as required by local rule. Following the trial court's decision vacating the sheriff's sale, Chase filed a notice of compliance stating that the final judgment entry was mailed to the Chenoweths on December 29, 2012. The notice also stated that Chase had mailed an additional copy of the final judgment entry to the Chenoweths on April 26, 2013.

**{¶ 8}** On May 9, 2013, the Chenoweths filed a motion for extension of time, which acknowledged their receipt of the final judgment entry from Chase. The motion requested 30 days to file an answer to the trial court's final judgment. At the same time, the Chenoweths filed a request for production of documents. The trial court then rescheduled the sheriff's sale for July 19, 2013.

**{¶ 9}** In June and July 2013, the Chenoweths continued to file several pro se documents with the trial court. These filings included: (1) a June 13, 2013 "Notice" requesting the trial court to reconsider its final judgment; (2) a July 2, 2013 motion requesting the sheriff's sale be stayed until the trial court reconsiders its decision; (3) a July 3, 2013 "Answer" also requesting reconsideration of the final judgment as well as reimbursement of $20,900 in mortgage payments from Chase; and (4) a July 5, 2013 "Reply to Response," which was nothing more than a refiling of the July 3, 2013 "Answer" with additional documentation attached. Following these filings, the trial court stayed the July 19, 2013 sheriff's sale pending its decision on the Chenoweths' June 13, 2013 "Notice," which the court construed as a motion for reconsideration.

**{¶ 10}** On August 9, 2013, the trial court issued a decision overruling the Chenoweths' motion for reconsideration, as well as their motion for extension of time and request for production of documents filed on May 9, 2013. The Chenoweths did not appeal from that decision. Rather, on September 9, 2013, the Chenoweths filed a motion to vacate the decree of foreclosure, which the trial court construed as a motion for relief from judgment under Civ.R. 60(B).

**{¶ 11}** On September 18, 2013, the trial court issued a decision overruling the Chenoweths' motion to vacate after finding they had failed to state a valid reason for obtaining relief. A sheriff's sale was then scheduled for November 1, 2013. On October 17, 2013, the Chenoweths filed a motion to stay the sheriff's sale and a notice of appeal. The trial court overruled the motion to stay, and the sale went forward as scheduled. Chase purchased the property at the sale, and on December 14, 2013, the trial court issued an entry confirming and

approving the sale.

## Deficiencies in the Chenoweths' Appeal

{¶ 12}  In reviewing the present appeal, we found multiple deficiencies.  First, the Chenoweths' October 17, 2013 notice of appeal does not designate the judgment being appealed from as required by App.R. 3(D).  However, given the 30-day time limitation for filing appeals in App.R. 4(A), we conclude that the only judgment from which the Chenoweths could have timely appealed is the trial court's September 18, 2013 decision overruling their motion to vacate the decree of foreclosure.

{¶ 13}  The Chenoweths also have not complied with App.R. 16(A)(3) and (4), because they have not outlined "[a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," nor have they submitted "[a] statement of the issues presented for review, with references to the assignments of error to which each issue relates."  The failure to set forth specific assignments of error is grounds for dismissal.  *See State v. Peoples*, 2d Dist. Miami No. 2005 CA 20, 2006-Ohio-4162, ¶ 24.  It is well established that " '[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' "  *Preston v. Shutway*, 2013-Ohio-185, 986 N.E.2d 584, ¶ 12 (2d Dist.), quoting *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 14}  In addition to the foregoing deficiencies, the Chenoweths' appellate brief requests relief that this court cannot provide.  "The Ohio Constitution grants jurisdiction to appellate courts to 'review and affirm, modify, or reverse judgments or final orders of the courts

of record inferior to the court of appeals within the district[.]' " *CitiBank v. Abu-Niaaj*, 2d Dist. Greene No. 2011 CA 45, 2012-Ohio-2099, ¶ 6, quoting Article IV, Section 3(B)(2), Ohio Constitution. Yet, in their appellate brief, the Chenoweths claim they are "seeking satisfaction" and requesting an order from this court instructing Chase to reimburse a portion of their mortgage payments. The Chenoweths also request an order granting them 90 to 120 days to move out of their home. Again, as a reviewing court, we do not have jurisdiction to grant this kind of relief, but only to review and affirm, modify, or reverse the final judgment appealed from.

**The Trial Court Did Not Err in Overruling the Chenoweths' Motion to Vacate**

{¶ 15} Given that the trial court's September 18, 2013 decision overruling the Chenoweths' motion to vacate is the only judgment from which they could timely appeal, we will construe the Chenoweths' filings with this court as a challenge to that decision. Having reviewed the trial court's decision, we find no error and the decision will be affirmed.

{¶ 16} In reviewing the trial court's decision, we note that the court correctly reviewed the Chenoweths' motion to vacate under Civ.R. 60(B), which provides that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 17} "To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B); and (3) the motion is made within a reasonable time." *Mosawi v. Plummer*, 2d Dist. Montgomery No. 25895, 2014-Ohio-1543, ¶ 10, citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 18} " 'A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.' " *Beyoglides v. Elmore*, 2d Dist. Montgomery No. 24905, 2012-Ohio-3979, ¶ 16, quoting *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

{¶ 19} After a thorough review of the record, we find that the trial court did not abuse its

discretion in overruling the Chenoweths' motion to vacate the decree of foreclosure, as the Chenoweths failed to demonstrate that they have a meritorious claim or defense to the foreclosure action. In so holding, we note that the Chenoweths admitted to falling behind on their mortgage payments in their answer to Chase's complaint. The Chenoweths also stated in their answer and appellate brief that they paid their mortgage until December 2011.

{¶ 20} The record also establishes that Chase provided sufficient evidence entitling it to a decree of foreclosure. *See, e.g., Nationstar Mtge., L.L.C. v. West*, 2d Dist. Montgomery Nos. 25813, 25837, 2014-Ohio-735, ¶ 16 (" 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' "), quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. (Other citations omitted.)

{¶ 21} We further find that the Chenoweths failed to demonstrate that they are entitled to relief under one of the grounds listed in Civ.R. 60(B), as they simply claimed that the trial court treated them unfairly. While "Civ.R. 60(B)(5) generally reflects the power of the court to prevent the unfair application of a judgment," its application is " 'rare and applies only to a highly unusual and unfair circumstance not covered specifically in other parts of Civ.R. 60(B).' " *Pool Man, Inc. v. Rea*, 10th Dist. Franklin No. 95APG04-438, 1995 WL 614091, *3 (Oct. 17, 1995), quoting *Swad v. Swad*, 10th Dist. Franklin No. 81AP-975, 1982 WL 4093, *1 (Apr. 8, 1982). In turn, Civ.R. 60(B)(5) is " 'only to be used in an extraordinary and unusual case when

the interests of justice warrants it.' " *Fifth Third Bank v. Dayton Lodge Ltd. Liab. Co.*, 2d Dist. Montgomery No. 24843, 2012-Ohio-3387, ¶ 33, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974). We do not find that the foreclosure proceedings in the instant case present circumstances justifying relief under Civ.R. 60(B)(5).

{¶ 22} For the foregoing reasons, the Chenoweths' motion to vacate decree of foreclosure is without merit and was appropriately overruled by the trial court.

## Conclusion

{¶ 23} The trial court's judgment overruling the Chenoweths' motion to vacate decree of foreclosure is affirmed.

. . . . . . . . . . . . .

FAIN, J., concurs.
DONOVAN, J., concurs in judgment only.

Copies mailed to:

Stephen D. Williger
Terry W. Posey, Jr.
Jessica E. Salisbury-Copper
Douglas Trout
Steven K. And Gwen Chenoweth
Hon. Barbara P. Gorman