[Cite as *In re Estate of Jasionowski*, 2026-Ohio-2400.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
STARK COUNTY, OHIO

| | |
|---|---|
| IN RE: THE ESTATE OF JAMES JASIONOWSKI, DECEASED | Case No. 2025CA00165 |
| | Opinion And Judgment Entry |
| | Appeal from the Probate Court of Stark County, Ohio, Case No. 251929 |
| | Judgment: Affirmed |
| | Date of Judgment Entry: June 24, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** MICHAEL JASIONOWSKI, Pro se, Appellant; JOHN JASIONOWSKI, Pro se, Appellee.

*Montgomery, J.*

{¶1}   Appellant Michael Jasionowski appeals the March 24, 2025, judgment entered by the Stark County Common Pleas Court, Probate Division, granting Appellee John Jasionowski's application for summary estate administration and the November 17, 2025, judgment denying Appellant's motion for Civ.R. 60(B) relief.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} The decedent, James Jasionowski, died on December 13, 2024. Appellee is the decedent's brother. Appellee filed an application for summary estate administration in the trial court on March 20, 2024. Appellee filed a copy of the decedent's will with the application. The will stated the decedent was not married and had no children. Appellee also filed a copy of an invoice from Reed Funeral Home, which stated that Appellee had paid $3,104.53 for the decedent's funeral expenses. The decedent's sole asset was a checking account with a balance of $522.86 at the time of his death.

{¶3} On March 24, 2024, the trial court granted the application for summary administration and ordered the balance of the decedent's checking account to be transferred to Appellee.

{¶4} On October 18, 2025, Appellant filed a motion to vacate the order admitting the will to probate due to lack of notice and incorrect statements in the will. Appellant filed documents with his motion asserting he and his brother were adopted by the decedent when they were children. The trial court overruled the motion by judgment entry filed October 23, 2025, finding the will was not admitted to probate, and further finding that Appellee was entitled to the entirety of the assets in the summary estate administration because Appellee paid the funeral bill.

{¶5} Appellant filed a renewed motion to vacate the order granting summary estate administration pursuant to Civ.R. 60(B) on November 17, 2025. The trial court overruled the motion, finding that Appellant did not have a meritorious claim upon which relief could be granted.

{¶6} It is from the March 24, 2024, and November 18, 2025, judgment of the trial court Appellant prosecutes this appeal, assigning as error:

**{¶7}** "I. THE PROBATE COURT VIOLATED DUE PROCESS BY GRANTING SUMMARY RELEASE WITHOUT NOTICE TO A KNOWN HEIR."

**{¶8}** "II. THE COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S RENEWED MOTION TO VACATE/MODIFY; FOR CLARIFICATION; TO PRECLUDE RELIANCE ON AN UNADMITTED WILL; AND FOR CIV.R. 60(B) RELIEF WITHOUT ADDRESSING THE DISCRETE REQUESTS OR HOLDING A HEARING."

**{¶9}** "III. THE COURT ERRED BY PERMITTING RELIANCE ON A PURPORTED WILL NEVER ADMITTED TO PROBATE: ITEM 1 WRONGLY STATES THE DECEDENT HAD NO CHILDREN, CONTRARY TO THE ADOPTION RECORD."

**{¶10}** "IV. THE COURT ABUSED ITS DISCRETION BY DENYING DISCOVERY AND AN EVIDENTIARY HEARING ON EXECUTION, CAPACITY, AND AUTHENTICITY DESPITE OPERATIVE FACTS ALLEGED."

**{¶11}** "V. THE COURT ERRED BY DENYING CIV.R. 60(B) RELIEF WITHOUT A HEARING WHERE APPELLANT ALLEGED OPERATIVE FACTS SATISFYING GTE."

**{¶12}** "VI. THE SUMMARY DENIAL ENTRY WARRANTS REMAND FOR CONSIDERATION OF THE STATUTORY CRITERIA AND ISSUES RAISED, TO PERMIT MEANINGFUL REVIEW."

## I., III.

**{¶13}** Appellant's first and third assignments of error claim error in the trial court's March 24, 2025, judgment entry which granted Appellee's application for summary release from administration.

**{¶14}** App.R. 4(A)(1) requires a notice of appeal to be filed within thirty days of the filing of the entry the party wishes to appeal. In the instant case, Appellant filed his notice of appeal from the March 24, 2025, judgment on December 3, 2025. Because the notice of appeal was filed more than thirty days after the judgment granting Appellee's application for summary release from administration, the appeal is untimely as to Appellant's claims of error in that judgment entry.

**{¶15}** Appellant's first and third assignments of error are overruled as untimely.

## II., IV., V., VI.

{¶16} Appellant's second, fourth, fifth and sixth assignments of error argue the trial court erred in overruling his Civ.R. 60(B) motion to vacate the March 24, 2025, judgment without holding a hearing. We disagree.

### STANDARD OF REVIEW

{¶17} "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).

### APPLICABLE LAW

{¶18} To succeed on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150 (1976). "If any of these three requirements is not met, the motion should be overruled." *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶19} Civ.R. 60(B) sets forth five reasons to support relieving a party from a final judgment:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;

(4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(5) any other reason justifying relief from the judgment.

**{¶20}** The use of a Civ.R. 60(B) motion is generally reserved for issues that could not have been raised in a direct appeal. *Beyoglides v. Elmore*, 2012-Ohio-3979, ¶ 17 (2d Dist.) ("when a party merely repeats arguments that concern the merits of the case and that could have been raised on appeal, relief under Civ.R. 60(B) is not available"); *Key v. Mitchell,* 1998-Ohio-643 (finding that Civ.R. 60(B) relief was not available where the party's "claims could have been raised in a timely appeal" from the trial court's judgment).

## ANALYSIS

**{¶21}** In the instant case, Appellant failed to timely appeal the judgment entry granting summary release from administration. Appellant filed his first motion for relief from judgment on October 16, 2025. The trial court overruled the motion, finding no entry admitting the will to probate was issued by the court, and Appellee was entitled to the entirety of the decedent's assets because Appellee paid the decedent's funeral bill. The trial court therefore found Appellant did not have a meritorious claim with which vacating the entry would be appropriate, citing *GTE Automatic Electric Company, supra. Judgment Entry*, 10/23/25. Appellant did not timely appeal this judgment entry.

{¶22} Appellant filed a "renewed" motion for relief from judgment on November 18, 2025. The trial court overruled this motion for the reasons stated in the October 23, 2025, judgment.

{¶23} We find Appellant's renewed motion for relief from judgment is based on the same arguments he made in his first motion for relief from judgment, and is a substitute for appeal of the March 24, 2025, judgment granting summary release from administration and the trial court's October 23, 2025, judgment overruling his first motion for relief from judgment.

{¶24} Further, we find no error in the trial court's finding Appellant did not have a meritorious defense to present to the summary release from administration. As noted by the trial court, the will was never admitted into probate in the instant case but was merely filed with the application for summary release from administration. R.C. 2113.03(B)(1) allows a person to apply for summary release from administration if the value of the estate does not exceed the lesser of $5,000 or the amount of the decedent's funeral expenses, the person is not a surviving spouse, and the person has paid the funeral expenses. R.C. 2113.031(C) orders the probate court to grant the order for summary release from administration if certain conditions are met. The trial court found the conditions were met in the instant case, granted the motion for summary release from administration, and ordered the money in the decedent's bank account to be paid to Appellee, who paid the funeral expenses which exceeded the amount in the decedent's bank account. Appellant's motion did not present a meritorious claim to the trial court's March 24, 2025, judgment, because even if he was the decedent's adopted son and the will was therefore inaccurate, Appellee would still have been entitled to summary release from administration pursuant to R.C. 2113.031. Further, nothing in R.C. 2113.031 would

have required the probate court to notify Appellant of the application for summary release from administration even if he had been identified earlier as the son of the decedent.

{¶25} The second, fourth, fifth and sixth assignments of error are overruled.

**CONCLUSION**

{¶26} For the reasons stated in our accompanying Opinion, the judgment of the Probate Court of Stark County, Ohio, is Affirmed.

{¶27} Costs to Appellant.


By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.