[Cite as *Village Captial & Invest., L.L.C. v. Unknown Heirs, Beneficiaries, Fiduciaries, Devisees & Donees of Watters*, 2025-Ohio-1813.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

|  |  |  |
|---|---|---|
| VILLAGE CAPITAL & INVESTMENT LLC | : | |
| | : | |
| | : | C.A. No. 2024-CA-26 |
| Appellee | : | |
| | : | Trial Court Case No. 2022 CV 00114 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| UNKNOWN HEIRS, BENEFICIARIES, FIDUCIARIES, | : | Court) |
| DEVISEES AND DONEES OF JOHN W. WATTERS, ET AL. | : | |
| | : | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 21, 2025

. . . . . . . . . . .

S. TODD BRECOUNT, Attorney for Appellant

EDWARD JOHN DELP, IV, MATTHEW MURTLAND, TAMARA MURTLAND and NATHAN R. DUVELIUS, Attorneys for Appellee

. . . . . . . . . . . .

HANSEMAN, J.

{¶ 1} Defendant-Appellant, James Breneman, appeals from a foreclosure

judgment rendered in favor of Substitute Plaintiff-Appellee, Planet Home Lending, LLC ("Planet"). In a single assignment of error, Breneman contends the trial court erred in rendering summary judgment in Planet's favor because he made diligent efforts to finance the property and pay off Planet's loan. Breneman also asserts the trial court was "confused" about the notice of default, which was addressed to the borrower's estate rather than to the borrower, who died before the notice was sent.

{¶ 2} After reviewing the record, we find the trial court did not err in granting summary judgment to Planet. In responding to Planet's summary judgment motion, Breneman failed to submit evidence that complied with Civ.R. 56(C) and (E). In fact, he submitted no evidence. Furthermore, while Breneman made various statements in his summary judgment response, his remarks were not relevant to whether the court should grant foreclosure.

{¶ 3} Finally, Breneman failed to present any argument in the trial court about the notice of default. Consequently, we review for plain error only. Under accepted plain error standards, no error occurred that seriously affected the basic fairness, integrity, or public reputation of the judicial process and that would thereby challenge the legitimacy of the process. Accordingly, we will affirm the trial court's judgment.

## I. Facts and Course of Proceedings.

{¶ 4} In August 2022, Village Capital & Investment, LLC ("Village") filed a foreclosure complaint against various parties, including: the Unknown Heirs, Beneficiaries, Fiduciaries, Devisees and Donees of John Watters; James Breneman;

Ashley Breneman; Virgil Breneman; and Jessica Breneman. The complaint alleged that Village held a note that John Watters (deceased) executed on January 25, 2021. Village also alleged that Watters had defaulted on paying the note, with the sum of $75,166.98 being due, plus interest at 3.375% per annum from February 1, 2022. Village therefore asked for judgment on the amount due, for a declaration that it had the first lien on the property, and for the property's sale.

{¶ 5} As attachments to the complaint, Village included copies of the note, the mortgage, and Watters's death certificate (showing a January 27, 2022 date of death). Village also filed a preliminary judicial report showing the amount Watters owed to Village and taxes for the year 2022 (which constituted a lien but was not yet due and payable) as the only encumbrances on the property.

{¶ 6} In early October 2022, Village asked for leave to file an amended complaint in order to add several defendants, including Dessaree Watters, Teia Hackley, Erika Watters, and Camika Edwards, plus their unknown spouses, if any. After the court granted leave, Village filed an amended complaint adding those parties in November 2022.

{¶ 7} A few months later, in late January 2023, Breneman filed an untitled document with the court. In this document, Breneman stated that he had heard there was a court action against his stepfather's (John Watters's) heirs regarding a delinquent mortgage. Breneman noted that his address for service of process differed from the address listed on the complaints. He further said he "would like to have the property taken out of foreclosure" so he could take over the property and own it. In addition, Breneman said Watters's executors were not cooperating and that he had contacted an attorney. He

therefore asked for an extension of time to implement this course of action. Notably, at that point, no probate action had yet been filed.

{¶ 8} On May 9, 2023, attorney Todd Brecount filed a notice of appearance on Breneman's behalf and asked for an extension of time to file an answer. In the motion, Brecount noted that Breneman had been served by publication, the answer was due on May 12, 2023, and Breneman had only retained Brecount the day before the extension request was filed. The court granted the motion, extending the filing deadline. Breneman then filed a timely answer on June 8.

{¶ 9} Several months later, the court issued a show cause order directing Village to file a dispositive motion by November 22, 2023, or show cause why the case should not be dismissed. In the entry, the court noted that, because Village had failed to join Watters's estate as a defendant, Village would be limited to an in rem judgment. Journal Entry Directing Plaintiff to Show Cause (Oct. 25, 2023), p. 1. The court further noted that all defendants had been served personally, by certified mail, or by publication. *Id.*

{¶ 10} On October 27, Village filed a motion to substitute Planet as plaintiff based on the transfer of the note and mortgage to Planet. Village attached Exhibit A, which indicated Village had assigned the mortgage to Planet on October 9, 2023, and that the assignment had been recorded with the Champaign County Recorder on October 23, 2023. After the court substituted Planet as plaintiff, Planet filed a summary judgment motion and motion for default judgment on November 22. Planet also filed various affidavits, including the affidavit of Thomas O'Connell, a senior vice-president of Planet. O'Connell detailed the transfer of Watters's promissory note and mortgage, matters

pertinent to default and acceleration of the loan, and amounts and expenses due. O'Connell also authenticated the documents attached to his affidavit.

{¶ 11} On November 27, the court set a December 14 default judgment hearing for all defendants other than Breneman, stating that if these defendants failed to appear, the court expected to grant default judgment. Following the hearing, the court filed an entry deferring consideration of the default judgment. The court also granted Breneman until December 22 to respond to the motion for summary judgment. Magistrate's Order (Dec. 14, 2023), p. 2-3. Shortly before the deadline, Breneman asked for a further extension until January 22, 2024, and the court granted the extension.

{¶ 12} On the day his January response was due, Breneman asked the court for a second extension until February 22, 2024. According to the motion, Breneman, as "fiduciary," was negotiating with Planet to assume the loan and wished to obtain approval of the beneficiary and/or probate court. The same day, Breneman filed a supplemental memorandum informing the court that a probate court hearing was set for February 14. The trial court then extended Breneman's summary judgment deadline to February 22. On the day that particular response was due, Breneman asked for another extension until April 17. Based on the content of this motion, it was clear that the probate court had not actually yet appointed Breneman as fiduciary for the estate and had scheduled a new hearing on that issue for mid-April.

{¶ 13} On February 26, Breneman filed another memorandum, clarifying that he wished to obtain an extension until after April 17. He attached a probate court entry which had set a final evidentiary hearing for April 16. The trial court did not immediately respond

to the motion, and Breneman then filed a summary judgment response on February 27. This document acknowledged the trial court proceedings were only in rem. However, Breneman claimed he was "missing" an opportunity to defend nonpayment allegations. Breneman stated that he had little access to the decedent's finances to confirm or deny payments on the loan. He also mentioned he had filed pleadings in probate court to admit a lost, destroyed or spoliated will and to have himself appointed fiduciary.

{¶ 14} After receiving this memorandum, the trial court extended the response deadline to April 17, 2024. The court stressed it would not grant any further extensions. Magistrate's Order (Mar. 5, 2024), p. 1. Nonetheless, Breneman filed another extension request on April 17. At that time, Breneman stated that he hoped to be named fiduciary, at which time he would begin negotiating with Planet. He explained that at the most recent probate hearing, certain people named in the will as potential executors had appeared and had said they would be retaining counsel to seek appointment as an executor. According to Breneman, the probate court had imposed an April 23 deadline; if these heirs failed to meet the deadline, the court would appoint him by default. Breneman therefore asked the trial court to refrain from ruling until June 4 so that he would have time to negotiate with Planet. Motion for Additional Time to Respond to Substitute Plaintiff's Motion for Summary Judgment (Apr. 17, 2024), p. 1-2.

{¶ 15} The trial court then filed an entry denying Breneman's motion for additional time. Nonetheless, the court also denied Planet's summary judgment motion. In denying summary judgment, the court noted O'Connell's statement that the borrower had been sent a "Notice of Default" letter. However, Planet had failed to attach the letter to

O'Connell's affidavit. *See* Journal Entry Denying Defendant James Breneman's Motion for Additional Time to Respond to Substitute Plaintiff's Motion for Summary Judgment and Journal Entry Denying Substitute Plaintiff's Motion for Summary Judgment (Apr. 19, 2024), p. 6-7. In this regard, the court focused on a statement in the complaint which indicated that Village had sent a notice of acceleration (the Notice of Default) to all parties who had executed the promissory note. Because Breneman had denied that allegation in his answer, the court concluded it could not grant summary judgment. *Id*. at p. 7-8. The court also found fault with how Planet had tried to establish the chain of assignments and transfer of the note. The court did say, however, that Planet could refile a summary judgment motion. *Id*. at p. 8.

{¶ 16} After holding a telephone status conference with attorneys for Planet and Breneman, the court set a bench trial for November 8, 2024, and an August 15 deadline for serving dispositive motions. In addition, the court said it would not set a discovery deadline, as the parties could engage in whatever discovery they desired. The only condition was that discovery could not delay other events on the schedule. Case Scheduling Order (July 10, 2024), p. 1-2.

{¶ 17} On August 14, Planet filed a renewed motion for summary judgment and for default judgment. Breneman responded on September 11 but did not address the substantive content of Planet's motion. He also did not attach any affidavits or other evidentiary materials. Instead, he sought an additional 14 days to file a supplemental memorandum.

{¶ 18} After the court failed to rule on his extension request, Breneman filed a

supplemental memorandum on September 25. However, he again failed to respond to Planet's substantive content and failed to attach any evidentiary materials. Also without leave of court, Breneman filed a second supplemental memorandum the next day, informing the court that he had been preapproved for a loan to purchase the property. To this memorandum, Breneman attached an unauthenticated September 25, 2024 pre-approval letter from an entity called "Newamerican Funding."

{¶ 19} Planet filed its reply memorandum on October 2. On October 11, the trial court granted Planet's motions for summary judgment and default judgment and vacated the bench trial. The same day, the court filed a final judgment entry and decree of foreclosure. Breneman timely appealed from the judgment.

## II. Standard of Review

{¶ 20} In Ohio, summary judgment standards are well established. "The procedure set forth in Ohio Civ.R. 56 is modeled after the federal rule that authorizes summary judgment in appropriate cases." *Byrd v. Smith*, 2006-Ohio-3455, ¶ 10. " 'Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.' " *Id.* at ¶ 11, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

{¶ 21} "Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it

appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Duncan v. Mentor City Council*, 2005-Ohio-2163, ¶ 9, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). " 'As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**{¶ 22}** In considering summary judgment decisions, appellate courts apply a de novo standard of review. *A.J.R. v. Lute*, 2020-Ohio-5168, ¶ 15. In this type of review, an appellate court independently reviews evidence without deferring to the trial court's findings. *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30, citing *Wilmington Savs. Fund Soc., FSB v. Salahuddin*, 2020-Ohio-6934, ¶ 20 (10th Dist.). Thus, a reviewing court "examines the evidence available in the record, including deposition or hearing transcripts, affidavits, stipulated exhibits, and the pleadings, *see* Civ.R. 56(C), and determines, as if it were the trial court, whether summary judgment is appropriate." *Id.*, citing *Wilmington* at ¶ 19.

**{¶ 23}** With these standards in mind, we will consider Breneman's arguments.

### III. Alleged Error in Granting Summary Judgment

**{¶ 24}** Breneman's sole assignment of error states that:

The Trial Court Erred in Its Application of Civ.R. 56 and Its

Subsequent Granting of Plaintiff-Appellee's Motion for Summary Judgment.

{¶ 25} Breneman first argues that he made every possible attempt to finance the involved property and pay off the loan. As support for this point, Breneman recites statements made in his memorandum opposing Planet's renewed summary judgment motion. These statements included items like difficulty working with the heirs and Village/Planet to obtain access to the property. Breneman also mentioned certain "facts" related to the probate court proceedings, such as the fact that he had convinced the probate court to let him purchase the property even though he was a fiduciary. Appellant's Brief, p. 8-11.

{¶ 26} " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " *Ocwen Loan Servicing, LLC v. Malish*, 2018-Ohio-1056, ¶ 31 (2d Dist.), quoting *JPMorgan Chase Bank, N.A. v. Chenoweth*, 2014-Ohio-3507, ¶ 20. Planet satisfied that burden here.

{¶ 27} Under Civ.R. 56(E), "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall

be entered against the party." Here, Breneman failed to submit an affidavit or any evidence disputing the facts Planet presented or establishing any of the denials in his answer.

{¶ 28} "When ruling upon a motion for summary judgment, a trial court only considers admissible evidence." *Guernsey Bank v. Milano Sports Ents. L.L.C.*, 2008-Ohio-2420, ¶ 59 (10th Dist.), citing *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 631, fn. 4 (1992). Statements in a party's memorandum opposing summary judgment are merely that – they are not admissible evidence as required by Civ.R. 56(C). This part of the rule refers to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action. . . ."

{¶ 29} Furthermore, even if this were otherwise, whether Breneman wished to purchase the property or whether anyone cooperated in negotiating is irrelevant to the points at issue, i.e., if the loan payments were in default and if foreclosure was permitted. "A defaulting borrower is not entitled by law to have a mortgage loan reinstated. Upon a borrower's default, a lender is entitled to initiate foreclosure proceedings, to be paid in full, and to sever its relationship with the defaulting borrower." *Wilborn v. Bank One Corp.*, 2009-Ohio-306, ¶ 18. Here, Breneman was not even the borrower on the loan. Instead, John Watters was the sole borrower. Moreover, Breneman has never even claimed he actually had any potential interest in the real estate pursuant to the terms of the will.

{¶ 30} In his brief, Breneman also contends that both the trial court and Planet were confused about the party to whom Village should have sent the notice of default.

According to Breneman, after default occurred, Village sent a May 13, 2022 notice of default to the estate. However, Watters died on January 27, 2022, and, per Breneman's account, the estate was not opened until December 2023. *See* Breneman Summary Judgment Response (Sept. 11, 2024), p. 2. Because no estate existed when Village sent the notice, Breneman argues we should reverse the summary judgment.

**{¶ 31}** Breneman failed to raise this issue in the trial court. As relevant here, "we have held that '[a]ny error committed by the trial court in granting summary judgment is waived if the non-moving party fails to file a brief or evidence in opposition or fails to challenge the movant's evidence.' " *Tye v. Beausay*, 2020-Ohio-3746, ¶ 77 (2d Dist.), quoting *USA Freight, L.L.C. v. CBS Outdoor Group, Inc.*, 2015-Ohio-1474, ¶ 21 (2d Dist.). Our review in such situations is for plain error only. *Id.* "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus.

**{¶ 32}** Having reviewed the record, we find no exceptional circumstances or error affecting the judicial process in the manner *Goldfuss* requires. The promissory note Watters signed stated, in pertinent part, as follows:

> If I am in default, the Note Holder may send me a written notice telling me
> that if I do not pay the overdue amount by a certain date, the Note Holder
> may require me to pay immediately the full amount of Principal which has

not been paid and all the interest that is owed on that amount. That date must be at least 30 days after the date on which the note is mailed to me or delivered by other means.

O'Connell Affidavit, ¶ 4 and attached Ex. A, Section 6(C).

{¶ 33} Section 7 of the note further states that, "[u]nless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder notice of a different address." *Id*. The listed "Property Address" on the note was 211 W Broadway St., Urbana, Ohio 43078. The mortgage also contained a similar right of acceleration and provisions for notice. O'Connell Aff. at ¶ 6 and Ex. B, Sections 14, 22, and 24.

{¶ 34} On May 13, 2022, Village sent a Notice of Default by first class mail to the property address listed in the note. O'Connell Aff. at ¶ 11 and Ex. E. This notice was addressed to "Estate of John Watters." As Planet notes in its brief, Watters was deceased at that time and there was no other location where a notice could be sent. Appellee's Brief, p. 9-10. Notably, Watters had a duty under the promissory note to inform Village of any change in the address where notices should be sent. *See* Note (Ex. A), Section 7. There is no evidence that Watters or anyone acting on his behalf after his death gave Village notice of a different address where notices should be sent.

{¶ 35} In light of the preceding discussion, there is no basis for reversing the judgment due to plain error. No extraordinary circumstances exist, and no error occurred that would cast doubt on the legitimacy of the judicial process.

**{¶ 36}** Accordingly, and for the reasons stated, Breneman's sole assignment of error is overruled.

## IV. Conclusion

**{¶ 37}** Breneman's assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.